Aaron D. Eaton
# 14997682
Two Rivers Correctional Institution
82911 Beach Access Rd.
Umatilla, OR. 97882


### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF OREGON


**AARON DALE EATON,**                  **CASE NO.2:20-cv-01251-SI**
      **PLAINTIFF**

    **V**

                                  **AMENDED**
**Two Rivers Correctional Institution**     **CIVIL COMPLAINT**
**Grievance coordinator Eynon;**        **42 U.S.C. § 1983**
**Two Rivers Correctional Institution**
**Grievance coordinator Rossi;**
**Two Rivers Correctional Institution**
**Physical Plant Manager Stark;**
**Two Rivers Correctional Institution**
**Physical Plant Asst. Manager Darcy;**
**Two Rivers Correctional Institution**
**Superintendent T. Blewett;**
**The Oregon Dept. Of Corrections.**
**IN THEIR INDIVIDUAL AND OFFICIAL**
**CAPACITIES AS APPROPRIAT,**
        **DEFENDANTS.**                  **VERIFIED COMPLAINT**

-------------------------------------------------------------------------------------------------------------

### INTRODUCTION

(1) This is a Civil Rights action being filed by Mr. Eaton the Plaintiff, is A state prisoner

confined at the Two Rivers Correctional Institution ( TRCI ) for damages and injunction relief  alleging

Constitutional Amendment violations which lead to episodes of fatigue, sleep disturbance, coughing,

sneezing, allergy type symptoms, wheezing and respiratory type symptoms, and a compromised

immune system due to alleged toxic black mold exposure, in violation of the U.S Constitution through

42 U.S.C. § 1983  and 42 U.S.C. § 12133. and 42 USC § 12102 (1) paragraph (3), and 28 CFR 35.103

(2) Mr. Eaton is also going to bring A.D.A claims attaching O.R.S. 124.135 to bring in Oregon's Vulnerable and Disabled Persons Act. O.R.S. 124.100.

(3) Mr. Eaton will be alleging Constitutional  violations on top of everything else.

# I
## JURISDICTION

(4) This court has jurisdiction to hear Mr. Eaton's claims of violations of federal constitution rights for First, Eighth and Fourteenth Amendment violations under 42 U.S.C. § 1983  and 42 U.S.C. § 12133. and  42 USC § 12102 (1) paragraph (3), and  28 CFR 35.103 Relationship to other laws. (b) Other laws. This part does not invalidate or limit the remedies, rights and procedures of any other federal laws, or State, or local laws ( including state common law ) that provide greater or equal protection for the rights of individuals with disabilities or individuals associated with them.

(5) The court has supplemental jurisdiction over Mr. Eaton's State law tort claims under 28 USC § 1367 and O.R.S. 124.135 Remedies are not exclusive for all Vulnerable and Disabled Persons Abuse Prevention Act claims in addition to the A.D.A claims.

(6) Mr. Eaton alleges that O.R.S. 124.135 removes the exclusivity of O.R.S 30.265 Scope of liability of public body, officers, employees and agents  where "No other form of civil action is permitted."  When Oregon legislature explicitly repealed the exclusivity of that portion of that statute when it created O.R.S. 124.135

## PARTIES TO THIS ACTION
### PLAINTIFF
(7) At all times relevant to this action, Mr. Eaton, was a ward of the state of Oregon, and an Adult In Custody ( AIC ) in the custody of the Dept. of corrections confined at The Two Rivers Correctional Institution ( TRCI ).

## DEFENDANTS

(8)     At all times relevant to this action, the defendant Physical Plant manager Stark, was

employed as an agent of the State of Oregon, assigned to the TRCI Physical Plant.

(9)     At all times relevant to this action, the defendant Physical Plant asst. manager Darcy, was

employed as an agent of the State of Oregon, assigned to the TRCI Physical Plant.

(10)     At all times relevant to this action, the defendant Mr. Rossi was employed as an agent of

the State of Oregon, as TRCI's Grievance coordinator.

(11)     At all times relevant to this action, the defendant Eynon was employed as an agent of the

State of Oregon, as TRCI's Grievance coordinator.

(12)     At all times relevant to this action, the defendant, T. Blewett was employed as an agent of

the State of Oregon, assigned to the position of Superintendent.

(13)     At all times relevant to this action, the defendant, The Oregon Dept. Of Corrections was

responsible for all the actions of all of it's employees, and was responsible for maintaining policies

and regulations that each of it's employees are bound to know and bound to uphold.

## FACTUAL ALLEGATIONS

(14)     Mr. Eaton alleges that he is a vulnerable and financially incapable person with a disability

due to mental illness, chronic use of drugs and or controlled substances, chronic intoxication, and

confinement, who is susceptible to force, threats, duress, coercion, persuasion or emotional injury

because of the persons physical or mental impairment.

(15)     Mr. Eaton alleges that he is a person protected within the protected class   **42 U.S.C. §**

**12133. and 12102 (3) through 28 CFR 35.103** Relationship to other laws and 124.100 to 124.140

through 124.135.

(16)     Mr. Eaton alleges that he was exposed to an imminently hazardous life threatening toxic

chemical substance that presents an unreasonable risk of serious physical injury and potential

death.

(17)     Mr. Eaton alleges that he had developed a sore throat, head aches, itchy skin, diarrhea,

confusion, nausea, and allergy type symptoms that had caused wheezing and breathing problems over the past two weeks and he had then signed up for sick call.

(18)    Mr. Eaton alleges that on or about Feb. 26th 2020 correctional officer Willis informed multiple Adult's In Custody ( AIC ) that Physical Plant Manager Stark was sent multiple emails and a work order was sent to Mr. Stark to come down to unit two and inspect the showers for possible Black Mold.

(19)    Mr. Eaton alleges that defendant Stark was refusing to come and verify and or confirm the allegations of toxic black mold and expressed an unwillingness to send any one else concerning the black mold in the showers.

(20)    Mr. Eaton alleges, and asserts, that Defendants assured him and other inmates that use the showers on the unit that the showers were safe and their health and safety were taken in to consideration, and that the showers do not need to be decontaminated, decontamination was and is not necessary.

(21)    Mr. Eaton alleges that he was seen by TRCI medical staff and had follow up appointments were he was prescribed Albuterol to modify his ability to breath, due to respiratory complaints and allegations of there being Black Mold on and in unit two showers.

(22)    Mr. Eaton alleges that he and Mr. Byers took cotton swab samples of what they believe to be Toxic Black Mold from the unit two showers between the week of Feb. 24th and Feb. 28th 2020.

(23)    Mr. Eaton alleges that Mr. Byers experienced chest pains severe enough the next day to report to medical for treatment.

(24)    Mr. Eaton alleges that on Feb. 27th T.R.C.I. Medical confirmed the prescription of Albuterol.

(25)    Mr. Eaton alleges that he is also now suffering from chronic fatigue and frequent thirst.

(26)    Mr. Eaton alleges that he had made multiple complaints to TRCI Medical Staff concerning his continuous sore throat, coughing, sneezing, wheezing and respiratory type symptoms, as

confirmed by the many communications Mr. Eaton has sent.

(27)     Mr. Eaton alleges that the defendants' were deliberately indifferent to his health and safety.

(28)     Mr. Eaton alleges that on Feb. 28th 2020 AIC and hazmat and blood and body fluid specialist Larry Beasley  was called to unit two and was instructed by unit officer Willis to decontaminate the unit showers all of them duo to the presence of Black Mold in all of them.

(29)     Mr. Eaton alleges that  the Oregon Dept. of corrections CD-316 Inspection report,Security/Safety/Sanitation form in the section designated: **SANITATION:** Specifically states: " Grounds, floors, furniture, fixtures, windows, receptacles, vents, elevators, stairs, handrails, toilets, sinks, and urinals clean. No noxious odors, etc. All areas must be maintained in a neat and clean condition.

(30)     Mr. Eaton alleges that  this Sanitation report also states that " Any security, safety, or SANITATION problems discovered will be reported immediately to the supervisor and corrected, when applicable a work order will be prepared and forwarded to the appropriate supervisor."

(31)     Mr. Eaton further alleges that Mr. Stark blatantly refused to follow this ODOC protocol creating liability.

(32)     Mr. Eaton alleges that although this is what the housing unit officer did, he was instructed by physical plant manager Stark that the issue will not be addressed and corrected.

(33)     Mr. Eaton alleges that on  March 20th  2020, He filed the original grievance no. T.R.C.I-2020-03-148 and that this grievance was Received on 3-23-2020; Denied on March 26th 2020; Mr. Eaton received the denial on April 20th 2020,  then upon Mr. Eaton filing an appeal to the denial, (which is not allowed under the current policy.) the denial was vacated and the original grievance was then accepted, this Acceptance shows that T.R.C.I. Grievance coordinators intentionally delayed the process that is supposed to be a protected liberty interest under the 14th Amendment. The response to the grievance was sent on June 11th 2020 I filed an appeal on June 24th 2020 this appeal was returned for correction on July 8th sent to me on July 10th 2020 I received the returned

for correction grievance on July 13th 2020 and sent it back corrected on July 14th 2020

(34)    Mr. Eaton alleges that these acts are Retaliatory in nature and intended to hinder, chill, delay, as shown by the dates that the grievance was accepted, then denied, then sent out taking over a month from original file date these  retaliatory acts are continuing and continuous.

(35)    Mr. Eaton alleges that ORS 430.755 Retaliation prohibited; liability for retaliation. (1) A facility, community program or person shall not retaliate against any person who reports in good faith suspected abuse or against the allegedly abused adult with respect to any report.

(2) Any facility, community program or person that retaliates against any person because of a report of suspected abuse shall be liable in a private action to that person for actual damages and, in addition, a penalty up to $1,000, notwithstanding any other remedy provided by law.

(3)(a) Any adverse action is evidence of retaliation if taken within 90 days of a report.

(b) For purposes of this subsection, "adverse action" means any action taken by a facility, community program or person involved in a report against the person making the report or against the adult with respect to whom the report was made because of the report, and includes but is not limited to: .

(36)    Mr. Eaton alleges that on April 19th 2020 he sent a correspondence to the grievance Dept. asking about the status of the grievance.

(37)    Mr. Eaton alleges that he filed another grievance on April 20th 2020, alleging that ORS 421.105 (1) (2) was violated when they failed to protect him from the mold in the showers. Grievances TRCI-2020-04-186 was Received on 4-22-2020; denied on 4-27-2020, Mr. Eaton appealed the denial even though the current grievance process does not allow denied grievances to be appealed, this appeal was denied on June 4th 2020, Mr. Eaton appealed the denial of the appeal on June 15th 2020 this appeal was denied on June 26th 2020, Mr. Eaton sent a notice of tort on July 6th 2020.  Mr. Eaton received the tort claim No.L169341 on July 24th 2020.

(38)    Mr. Eaton alleges that these acts are retaliatory in nature these acts are continuing and

continuous.

(39)    Mr. Eaton alleges that on April 23rd 2020 he sent a communication to Director Peters

office.

(40)    Mr. Eaton alleges that on April 24th 2020 he asked for a refill for the prescribed Albuterol

and was denied the refill.

(41)    Mr. Eaton alleges that on May 7th 2020 he received acknowledgment concerning the letter

he sent to the Director of the Dept. of Corrections.

(42)    Mr. Eaton alleges that on May 8th 2020 he received a declaration from James R

Swearinger, concerning physical plant taking photos of the unit two showers talking about the

presence of toxic black mold in the showers.

(43)    Mr. Eaton alleges that on May 8th 2020 he filed yet another grievance this one is about

TRCI-2020-05-077 Medical not treating the symptoms of Sinusitis, wheezing and respiratory

issues, this grievance was Received on, 5-12-2020; Returned For Correction on 5-19-2020;

Received Again on 6-08-2020; Accepted 6-12-2020;

(44)    Mr. Eaton alleges that on May 8th 2020 he received a declaration from Larry Beasley, who

is the T.R.C.I. Bio-hazard orderly, stating that he was instructed to Bleach all of the unit two

showers do to the mold issue.

(45)    Mr. Eaton alleges that on 5-08-20 c/o Willis stated that he remembered having Larry

Beasley the bio hazard orderly come to the unit to clean the showers because the physical plant

manager Stark was refusing to do his job.

(46)    Mr. Eaton alleges that officer Willis also stated that it was a funny thing that physical plant

came to the unit after over a month after refusing to except a valid work order.

(47)    Mr. Eaton alleges that officer Willis also stated that it was funny that he took pictures only

after the showers were already cleaned with bleach.

(48)    Mr. Eaton alleges that on 5-08-20 physical plant came to the housing unit and took pictures of the showers do to the  allegations of black mold complaints.

(49)    Mr. Eaton alleges that on May 8th 2020 he received a declaration from, Daniel Ray Myers, about the mold being talked about in the unit showers.

(50)    Mr. Eaton alleges that on May 8th 2020 he received a declaration from Richard Leon McKenzie, about the mold that was found in the unit showers.

(51)    Mr. Eaton alleges that the superintendent violated **O.A.R. 421.105 (1) and (2)because the statute explicitly states that: the superintendent nor any other prison official or employee may strike or inflict physical violence except in self-defense, or inflict any cruel or unusual punishment. And The person of an adult in custody sentenced to imprisonment in the Department of Corrections institution is under the protection of the law and the adult in custody shall not be injured except as authorized by law.**

(52)    Mr. Eaton alleges that being exposed to toxic black mold is cruel and unusual punishment.

(53)    Mr. Eaton alleges that on 5-10-2020 He filed another grievance No. TRCI-2020-05-036 this grievance states " O.D.O.C Policy 20.1.3 §B.1 Violation of directives: 'Employees shall not knowingly commit or omit acts which constitute a violation of any policy,rule, procedures, regulations, directives, or orders of the dept.' Governor Kate Brown appoints the director of the dept. of corrections Colette Peters, the director then gives a directive, order, etc. to the dept. see ORS423.020(5)(d) 'The director of the dept. of corrections shall: Provide for the safety of all prisoners in the custody of the dept....' and ORS423.075 (1)(2)(4)(5)(a)(c)(d). On 5-10-20 there was black mold in the unit shower #4 on the bottom tier, the mold was under the handicap seat and feces was there too, There are two A.I.C's that witnessed the black mold because they were trying to clean it but they did nit have the CDC recommended supplies,....." This grievance was filed on 5-10-20; Received on 5-12-2020; Accepted on 5-19-2020; The response to the grievance was appealed on June 13th 2020 the appeal was received on June 16th 2020 and accepted on June 25th

2020,

(54)      Mr. Eaton alleges that on 5-11-20 at 7:45pm L.T. Robinson came to his cell and asked him about the " kyte" he sent to director Colette Peters concerning the Mold in the unit showers. Mr. Eaton personally showed the L.T. The mold outside the downstairs shower # 1.

(55)      Mr. Eaton alleges that he showed  L.T. Robinson the mold outside of the unit two shower #1 and the L.T. Stated "**this is an issue**" and " **I will work with physical plant to have not just this unit showers properly cleaned but all of the units will be cleaned.**"

(56)      Mr. Eaton alleges that on May 12th 2020 he received two declarations from Robert Jerome Byers.

(57)      Mr. Eaton alleges that on May 12th 2020 he received several documents on known health related problems of mold and mildew exposure,these documents are as follows, Mold Fact Sheet, Truth About Mold, CDC Facts About Stachybotrys  Chartarum, Toxic Mold Syndrome, Wellness How to identify hidden Mold Toxicity, Mold Illness, Mold Mycotoxins, Allergy Major Cause of ' Toxic Mold Syndrome ' , Is Mold Making You Sick, The DHSS Division of community and Public Health section 4.0 T-2 Mycotoxicosis. These were educational research do to the fact that he was informed that the mold could not cause any dangers to his health and safety by several medical, security, administration personal.

(58)      Mr. Eaton alleges that on May 12th 2020 he received a declaration from Nicky Nolan stating that "On 5-8-20 on Housing unit two I was assisting in the cleaning of the handicap shower doing a deep clean of the walls, seat, and floor tile. I lifted up the handicap seat in the handicap shower and i found visible black mold.

(59)      Mr. Eaton alleges that on May 12th 2020 he received an official letter from Oregon Dept. of Corrections stating that " **We will be moving forward in preparing a plan to keep our Institution to a high level of cleanliness**." from Tyler Blewett the Superintendent of the two rivers correctional institution.

(60)    Mr. Eaton alleges that on May 18th 2020 he sent a medical request form stating that he has

been waking up with blood coming out of his nose, medical stated that the issues were unrelated.

(61)    Mr. Eaton alleges that  superintendent violated **O.A.R 423.075(5)(d), in that the statute**

**explicitly states that: : "[t]he Director of the Department of Corrections shall provide for the**

**safety of all prisoners in the custody of the department"**

(62)    Mr. Eaton alleges that the showers on the unit were not healthy nor safe to shower in,

therefor in violation of statute cited above.

(63)    Mr. Eaton alleges that on May 23th 2020 he filed another grievance concerning moldy milks

being served with the religious kosher breakfast meals, this shows a continued existence of mold

throughout the institution.

(64)    Mr. Eaton alleges that these acts are retaliatory in nature and these acts are continuing and

continuous.

(65)    Mr. Eaton alleges that Toxic Black Mold is a fungi and is a type of plant which is organic.

(66)    Mr. Eaton alleges that The United States Congress has already defined organic and

inorganic substances of a particular molecular identity as a " **chemical substance**." **15 USC SEC**

**15 § 2602 (2) (B)**

(67)    Mr. Eaton alleges that the  chemical substance Toxic Black Mold spreads it's microscopic

spores through water ( ie showers) and through the air and invades the body through the body's

physical barrier defense systems that include the Skin, Mucous membranes ( nose ), eyes and tears,

ears and ear wax, and through Stomach acids.

(68)    Mr. Eaton alleges that on May 31st 2020 he received a communication from L.T. Robinson

confirming that T.R.C.I. Is taking steps to remove the contaminated tiles in all of the showers in

the Institution,

(69)    Mr. Eaton alleges that he received a communication on 6-1-2020  reaffirming the May 31st

communication.

(70)    Mr. Eaton alleges that the  chemical substance Toxic Black Mold is a disease-causing
micro-organisms that has properties that increase the severity of a preexisting diseases or the
disease it causes  ( virulence )and it enables the disease to resist the body's mechanisms and is able
to interfere with the body's production of antibodies or T-cells ( a type of white blood cell )
originally designed to attack them. After invading the body—Toxic Black Mold multiplies inside
the body to produce infections overwhelming the body's defenses causing a compromised immune
system, producing chronic infections which can lead to death.

(71)    Mr. Eaton alleges that O.D.O.C. was negligent when they knowingly allowed the
withholding of services that lead to physical harms necessary to maintain health and well-being.

(72)    Mr. Eaton alleges that these acts are retaliatory in nature  and these acts are continuing and
continuous.

(73)     Mr. Eaton alleges that O.D.O.C. was negligent when they knowingly abandoned Mr. Eaton
including the desertion or willful forsaking of Mr. Eaton a Vulnerable and Financially incapable
person with a disability through the withholding or neglect of **duties and obligations owed to Mr.
Eaton, By a caregiver** [ Adults In Custody are in the Custody and Care of O.D.O.C. ] or other
person.

(74)    Mr. Eaton alleges that O.D.O.C. was negligent through the willful infliction of physical
pain or injury to Mr. Eaton, a Vulnerable and financially incapable person with a disability.

(75)    Mr. Eaton alleges that O.D.O.C. Abused Mr. Eaton through ridicule, harassment, coercion,
threats, cursing, intimidation or conduct of such a nature as to threaten significant physical harm to
Mr. Eaton, a Vulnerable and financially incapable person with a disability.

(76)     Mr. Eaton alleges that O.D.O.C. was negligent and abused Mr. Eaton, a vulnerable and
financially incapable person with a disability, when they knowingly allowed any physical injury
caused by other than accidental means, or that appears to be at variance with the explanation given
of the injury.

(77)    Mr. Eaton alleges that O.D.O.C. was negligent and allowed the abuse of Mr. Eaton a

Vulnerable and financially incapable person with a disability when they knowingly allowed and

subjected Mr. Eaton, to alarm by conveying a threat to " intimidate " by means to compel or deter

conduct by a threat, which threat, reasonably would be expected to cause Mr. Eaton to believe that

the threat would be carried out, and that these acts are retaliatory in nature.

(78)    At all relevant times to this compliant the Defendants, all being named above, were acting

under color of State law when committing the illegal acts; defendants acting in bad faith violated

clearly established laws which reasonable prison officials knew or should have known that by

willingly exposing Mr. Eaton to Toxic Black Mold is dangerous to his health and illegal.

(79)    As a result of these injuries to Mr. Eaton's First, Eighth and Fourteenth Amendment Rights,

Mr. Eaton has suffered mental, emotional and psychological abuse and neglect.

(80)    Each defendant is directly and personally responsible and liable for the violations of Mr.

Eaton's Civil Rights as set forth above and below.

(81)    Mr. Eaton suffered this abuse and neglect while in the care and custody of THE OREGON

DEPT. OF CORRECTIONS.

(82)    Each of the defendants are sued IN THEIR INDIVIDUAL AND OFFICIAL

  CAPACITIES AS APPROPRIATE.

(83)    As a result of this abuse that Mr. Eaton experienced while in ODOC custody and as a result

of ODOC's actions and inaction's Mr. Eaton did incur economic damages in an amount to be

proven at trial. ( TRCI canteen receipt No. 8655237 )

(84)    As a further result of the abuse that Mr. Eaton experienced as an inmate in ODOC custody,

Mr. Eaton has incurred and will  continue to incur non-economic losses including but not limited to

emotional distress, mental anguish, trauma, post traumatic stress, anxiety, humiliation, anger,

irritability, panic attacks, night sweats, nightmares and loss of sleep, in an amount to be proven at

trial.

(85)    Mr. Eaton alleges that defendants acted with deliberate indifference by subjecting [him] and

other Adults In Custody to unsafe showering conditions when they knew or should have known the

potential risk of serious harm, yet defendants disregarded that risk by failing to take reasonable

measures to decontaminate the units showers.

(86)    Mr. Eaton alleges that the "continual doctrine" applies here due to the fact that none of the

units showers or the vents to the units showers have been properly decontaminated to this day.

(87)     Mr. Eaton alleges that the continuing violation is illegal conduct, that the defendants know

about and continue to avoid liability for their illegal conduct of the same sort throughout the unit

showers.

(88)    Mr. Eaton alleges that there has been prior allegations of MOLDS in other parts of this

prison brought to the attention of the courts.[ROTISH V. SINGH, Plaintiff, v. SUE WASHBURN

et al., Defendants. **Case No.**  2:14-CV-01477-SB]

(89)    Mr. Eaton alleges that the defendants have still refused to properly treat Mr. Eaton's serious

medical condition in connection with Mr. Eaton's exposure to Toxic Black Mold.

(90)    Mr. Eaton alleges that the defendants acts were willful and malicious and done with

reckless indifference to Mr. Eaton's protected rights.

(91)    Mr. Eaton alleges that he sent a CD214 form [ communication form ] to defendant Rossi

stating that by denying Mr. Eaton's grievance for a rule or policy violation and choosing not to

decide the grievance on the merits of the grievance then ODOC would be barred to the defense that

Mr. Eaton failed to exhaust his remedies  should a suit be filed. Pozo v McCaughtry cert. Denied

( 2002 all this was in the body of the grievance as well.

(92)    Mr. Eaton alleges that these acts are retaliatory in nature and these acts are continuing and

continuous.   .

(93)    Mr. Eaton has provided the State of Oregon with timely notice of tort by commencement of

action pursuant to O.R.S. 30.275 (3) (c) and any other administrative remedies are absolutely

unavailable to Mr. Eaton, as Mr. Eaton has suffered actual assault and battery, threats of retaliation, with the knowledge that the officers here at TRCI have in the past carried out retaliation on other inmates ( **Mr. Eaton watched the TRCI correctional officers put Mr. Byers in D.S.U for nothing more than retaliation.** ) making Mr. Eaton believe the threat of retaliation would be carried out.

(94)    Mr. Eaton alleges that the original grievance T.R.C.I. 2020-03-148 was originally denied, then after some time the Two Rivers Correctional Institution Grievance coordinator Eynon and Grievance coordinator Rossi realized Mr. Eaton's intent of holding them personally accountable as much as the law will allow, then and only then did they change the denial to an acceptance, to intentionally delay, hinder, stymie, chill, Mr. Eaton's right to access the court for redress of grievances,  Mr. Eaton alleges that these action violate constitutional provisions.

(95)    Mr. Eaton alleges that these acts are retaliatory in nature and these acts are continuing and continuous.

(96)    Mr. Eaton alleges that the Defendants have regulations in place under the Oregon Administrative Rules, OAR 291-109-0140(5) where ODOC inmates are not permitted to file multiple grievances for a single incident, nor are they permitted to grieve the actions of more than one ODOC employee per grievance form. OAR 291-109-0140(5) provided: "An inmate may not file more than one grievance regarding a single incident or issue." As of 2012, OAR 291-109-0140(3)(g) provided: "An inmate cannot grieve . . . the action or decision of more than one DOC . . . employee, volunteer or contractor on a single grievance form." Plaintiff alleges that this rule violates the plaintiff's First  Amendment rights the U.S. Constitution denying him the right to petition ODOC for redress of grievance because if he has a continuing concern that deals with a similar incident that is now being grieved ( black mold ) but now different parties have become aware of the issue and have made a choice to deliberately ignore the issue, the plaintiff's petition

for redress will get denied under this rule and the plaintiff challenges that this policy alone is retaliatory, and that this policy otherwise violates the plaintiff's rights under the First Amendment.

(97)    Mr. Eaton alleges that the Defendants have violated the plaintiff's First Amendment rights because this rule and the actions of the defendant's are taking adverse actions against the plaintiff because of the plaintiff's protected conduct, and that this rule is being abused by the defendant's that have constantly chilled the plaintiff's exercise of his First Amendment rights, and these actions do not reasonably advance a legitimate correctional goal."

(98)    Mr. Eaton also alleges that the Defendants have regulations in place under the Oregon Administrative Rules, OAR 291-109-0140(5) where ODOC inmates are not permitted to file multiple grievances for a single incident, nor are they permitted to grieve the actions of more than one ODOC employee per grievance form. OAR 291-109-0140(5) provided: "An inmate may not file more than one grievance regarding a single incident or issue." As of 2012, OAR 291-109-0140(3)(g) provided: "An inmate cannot grieve . . . the action or decision of more than one DOC . . . employee, volunteer or contractor on a single grievance form." Plaintiff alleges that this rule violates the plaintiff's Fourteenth Amendment rights the U.S. Constitution denying him the right to Due Process again because if he has a continuing concern that deals with a similar incident that is now being grieved ( black mold ) but now different parties have become aware of the issue and have made a choice to deliberately ignore the issue, the plaintiff's petition for redress will get denied under this rule and the plaintiff challenges that this policy alone is retaliatory, and that this policy otherwise violates the plaintiff's rights under the Fourteenth Amendment.

(99)    Mr. Eaton now continues to allege that the Defendants interfere(ed) with a recognized liberty or property interest; under the Fourteenth Amendment and the procedures surrounding this alleged interference are not  constitutionally sufficient.

(100)    Plaintiff alleges that the Due Process Clause of the Fourteenth Amendment protects liberty

interests that arise either under the clause itself or under state law and this policy violates plaintiff's

Fourteenth Amendment protects liberty interests.

(101)    Mr. Eaton alleges that these acts are retaliatory in nature and these acts are continuing and

continuous.

(102)    Mr. Eaton alleges that on September 2nd 2020 he sent to physical plant manager Stark via.

The Institutional AIC communication form document cd214 form the following; several

documents on known health related problems of mold and mildew exposure,these documents are

as follows, Mold Fact Sheet, Truth About Mold, CDC Facts About Stachybotrys  Chartarum, Toxic

Mold Syndrome, Wellness How to identify hidden Mold Toxicity, Mold Illness, Mold Mycotoxins,

Allergy Major Cause of  ' Toxic Mold Syndrome ' , Is Mold Making You Sick, The DHSS Division

of community and Public Health section 4.0 T-2 Mycotoxicosis. These were educational research

do to the fact that he was informed that the mold could not cause any dangers to his health and

safety by several medical, security, administration personal.

(103)    Mr. Eaton alleges that on September 2nd 2020 he sent to Grievance coordinator Eynon via.

The Institutional AIC communication form document cd214 form the following; several

documents on known health related problems of mold and mildew exposure,these documents are

as follows, Mold Fact Sheet, Truth About Mold, CDC Facts About Stachybotrys  Chartarum, Toxic

Mold Syndrome, Wellness How to identify hidden Mold Toxicity, Mold Illness, Mold Mycotoxins,

Allergy Major Cause of  ' Toxic Mold Syndrome ' , Is Mold Making You Sick, The DHSS Division

of community and Public Health section 4.0 T-2 Mycotoxicosis. These were educational research

do to the fact that he was informed that the mold could not cause any dangers to his health and

safety by several medical, security, administration personal.

(104)    Mr. Eaton alleges that on September 2nd 2020 he sent to Grievance coordinator Rossi via.

The Institutional AIC communication form document cd214 form the following; several

documents on known health related problems of mold and mildew exposure,these documents are as follows, Mold Fact Sheet, Truth About Mold, CDC Facts About Stachybotrys  Chartarum, Toxic Mold Syndrome, Wellness How to identify hidden Mold Toxicity, Mold Illness, Mold Mycotoxins, Allergy Major Cause of  ' Toxic Mold Syndrome ' , Is Mold Making You Sick, The DHSS Division of community and Public Health section 4.0 T-2 Mycotoxicosis. These were educational research do to the fact that he was informed that the mold could not cause any dangers to his health and safety by several medical, security, administration personal.

(105)    Mr. Eaton alleges that on September 2nd  2020 he sent to physical plant asst. manager Darcy via. The Institutional AIC communication form document cd214 form the following; several documents on known health related problems of mold and mildew exposure,these documents are as follows, Mold Fact Sheet, Truth About Mold, CDC Facts About Stachybotrys  Chartarum, Toxic Mold Syndrome, Wellness How to identify hidden Mold Toxicity, Mold Illness, Mold Mycotoxins, Allergy Major Cause of  ' Toxic Mold Syndrome ' , Is Mold Making You Sick, The DHSS Division of community and Public Health section 4.0 T-2 Mycotoxicosis. These were educational research do to the fact that he was informed that the mold could not cause any dangers to his health and safety by several medical, security, administration personal.

(106)    Mr. Eaton alleges that on September 2nd  2020 he sent to Superintendent T. Blewett via. The Institutional AIC communication form document cd214 form the following; several documents on known health related problems of mold and mildew exposure,these documents are as follows, Mold Fact Sheet, Truth About Mold, CDC Facts About Stachybotrys  Chartarum, Toxic Mold Syndrome, Wellness How to identify hidden Mold Toxicity, Mold Illness, Mold Mycotoxins, Allergy Major Cause of  ' Toxic Mold Syndrome ' , Is Mold Making You Sick, The DHSS Division of community and Public Health section 4.0 T-2 Mycotoxicosis. These were educational research do to the fact that he was informed that the mold could not cause any dangers to his health and

safety by several medical, security, administration personal.

(107)    Mr. Eaton alleges that on September 1nd 2020  Nurse Thurman seen Mr. Eaton for sick

call and stated that Mr. Eaton's left lung was damaged and that Mr. Eaton should be on a steroid

inhaler.

## EXHIBITS

(108)    Mr. Eaton is attaching 100% of his exhibits to the end of this complaint in an effort to be

completely transparent to the court and in an effort to speed up the process as to not bog down the

court.

## FIRST CLAIM FOR RELIEF
## AGAINST ALL DEFENDANTS
### First, Eighth, and fourteenth Amendment Violations

(109)    Mr. Eaton re-alleges and incorporates all relevant paragraphs as though fully set forth

herein and further alleges as follows;

(110)    Mr. Eaton claims all the named Defendant's were notified of the risk of harm to Mr. Eaton's

health and safety, by the acts of and on September 2nd 2020, of sending the information to each

named defendant in this complaint.

(111)    Mr. Eaton claims of  having complained of episodes of fatigue, sleep disturbance,

complaints of sore throat, coughing, sneezing allergy type symptoms, wheezing and respiratory

type symptoms due to alleged Toxic Black Mold exposure and failed to correct the exposure, the

defendants acts were willful and done with reckless indifference to Mr. Eaton's Eighth, and

fourteenth Amendment Protected Rights.

(112)    Mr. Eaton claims that all the defendants were deliberately indifferent to Mr. Eaton's  health

and welfare.

(113)    All these claims mentioned caused Mr. Eaton mental, emotional, and psychological injuries

amounting to cruel and unusual punishment in violation of Mr. Eaton's Eighth Amendment

Protected Rights.

(114)    Mr. Eaton claims that the conduct of originally denying the  grievance T.R.C.I. 2020-03-

148 then accepting it after a period of time, was intentionally done to delay, hinder, stymie, chill,

Mr. Eaton's right to access the court for redress of grievances thereby Violating the First

Amendment which is A Protected Right.

(115)    Mr. Eaton claims that he has been and will continue to be irreparable injured by the conduct

of the defendants unless this court grants the declaratory and injunctive relief which he seeks.

(116)    Mr. Eaton claims that all defendants should be assessed punitive damages in an amount

fixed by a jury to punish them, and to deter such conduct in the future by them and any other

employee who would willingly violate federal laws.

(117)    Mr. Eaton has no plain, adequate or complete remedy at law to redress the wrongs

described herein.

(118)    Mr. Eaton claims that the Defendants have regulations in place under the Oregon

Administrative  Rules,  OAR  291-109-0140(5)  where  ODOC  inmates  are  not  permitted  to  file

multiple grievances for a single incident, nor are they permitted to grieve the actions of more than

one ODOC employee per grievance form. OAR 291-109-0140(5) provided: "An inmate may not

file more than one grievance regarding a single incident or issue." As of 2012, OAR 291-109-

0140(3)(g) provided: "An inmate cannot grieve . . . the action or decision of more than one DOC . .

. employee, volunteer or contractor on a single grievance form."

(119)    Mr. Eaton claims that this rule violates the plaintiff's First  Amendment rights the U.S.

Constitution denying him the right to petition ODOC for redress of grievance because if he has a

continuing concern that deals with a similar incident that is now being grieved ( black mold ) but

now different parties have become aware of the issue and have made a choice to deliberately

ignore the issue, the plaintiff's petition for redress will get denied under this rule and the plaintiff

challenges that this policy alone is retaliatory, and that this policy otherwise violates the plaintiff's

rights under the First Amendment.

(120)    Mr. Eaton claims that the Defendants have violated the plaintiff's First Amendment rights because this rule and the actions of the defendant's are taking adverse actions against the plaintiff because of the plaintiff's protected conduct, and that this rule is being abused by the defendant's that have constantly chilled the plaintiff's exercise of his First Amendment rights, and these actions do not reasonably advance a legitimate correctional goal."

(121)    Mr. Eaton claims that the Defendants have regulations in place under the Oregon Administrative Rules, OAR 291-109-0140(5) where ODOC inmates are not permitted to file multiple grievances for a single incident, nor are they permitted to grieve the actions of more than one ODOC employee per grievance form. OAR 291-109-0140(5) provided: "An inmate may not file more than one grievance regarding a single incident or issue." As of 2012, OAR 291-109-0140(3)(g) provided: "An inmate cannot grieve . . . the action or decision of more than one DOC . . . employee, volunteer or contractor on a single grievance form." Plaintiff alleges that this rule violates the plaintiff's Fourteenth Amendment rights the U.S. Constitution denying him the right to Due Process again because if he has a continuing concern that deals with a similar incident that is now being grieved ( black mold ) but now different parties have become aware of the issue and have made a choice to deliberately ignore the issue, the plaintiff's petition for redress will get denied under this rule and the plaintiff challenges that this policy alone is retaliatory, and that this policy otherwise violates the plaintiff's rights under the Fourteenth Amendment.

(122)    Mr. Eaton claims that the Defendants interfere(ed) with a recognized liberty or property interest; under the Fourteenth Amendment and the procedures surrounding this alleged interference are not  constitutionally sufficient. Plaintiff alleges that the Due Process Clause of the Fourteenth Amendment protects liberty interests that arise either under the clause itself or under state law and this policy violates plaintiff's Fourteenth Amendment protects liberty interests .

### SECOND CLAIM FOR RELIEF (NEGLIGENCE)
### AGAINST ALL DEFENDANTS

(123)   Mr. Eaton re-alleges and incorporates all relevant paragraphs as though fully set forth

herein and further alleges as follows;

(124)   Mr. Eaton claims all the named Defendant's were notified of the risk of harm to Mr. Eaton's

health and safety, by the acts of and on September 2nd 2020, of sending the information to each

named defendant in this complaint.

(125)   Mr. Eaton claims that he has provided the State of Oregon with timely notice of tort by

commencement of action pursuant to O.R.S. 30.275 (3) (c) and any other administrative remedies

are absolutely unavailable to Mr. Eaton, as Mr. Eaton has suffered actual assault and battery,

threats of retaliation, with the knowledge that the officers here at TRCI have in the past carried out

retaliation on other inmates **( Mr. Eaton watched the TRCI correctional officers put Mr. Byers**

**in D.S.U for nothing more than retaliation. )** making Mr. Eaton believe the threat of retaliation

would be carried out.

(126)   Mr. Eaton claims that ODOC and all named defendants was negligent in exposing Mr.

Eaton to known dangers of Toxic Black Mold as alleged above.

(127)   Mr. Eaton claims that at all material times, ODOC and the named Defendants had a special

relationship with Mr. Eaton as agents of the State charged with protecting Mr. Eaton as his

temporary custodians, owed a duty to protect him from imminently hazardous life threatening

toxic chemical substances that present an unreasonable risk of serious physical injury and potential

death, in violation of clearly established policy, State and Federal laws.

(128)   Mr. Eaton claims that ODOC and Defendants knew, or in the exercise of reasonable care

should have known of the risk of harm to Mr. Eaton with past reported environmental mold

complaints about exposure and allergy and respiratory type symptoms in the past complaints.

(129)   Mr. Eaton claims that ODOC and Defendants were negligent in one or more of the

following particulars: (a) in failing to supervise, monitor, and/or evaluate the housing unit showers weekly. (b) in failing to supervise and or evaluate the cleaning of the unit showers. (c)in failing to evaluate Mr. Eaton's toxic black mold claims. (d)in failing to evaluate the housing unit officers claims of toxic black mold in the unit showers. (e) in failing to honor the housing unit officers requested work order.

(130)    Mr. Eaton claims that ODOC and Defendants owes Mr. Eaton a higher standard of care because of the nature of incarceration. ODOC voluntarily took custody of Mr. Eaton under the circumstances such as to deprive him of the normal opportunities for protection of ones self from environmental hazards from the showers and created a non- delegate-able   duty to ensure that Mr. Eaton would be safe while showering and meet it's obligation to protect Mr. Eaton from environmental hazards.

(131)    Mr. Eaton claims that ODOC and Defendants failed to use reasonable care in incarcerating Mr. Eaton as alleged above. ODOC's and the Defendants conduct was negligent.

(132)    Mr. Eaton claims that ODOC and Defendants conduct was unreasonable in light of risk of harms to Mr. Eaton's health and safety.

(133)    Mr. Eaton claims that ODOC and Defendants conduct was a substantial factor in causing harm to Mr. Eaton.

(134)    Mr. Eaton claims that ODOC and Defendants conduct was a substantial factor in causing injuries of emotional distress, psychological harms and any other harms.

(135)    As a direct result of  Mr. Eaton claims that ODOC and Defendants conduct, as outlined above, Mr. Eaton has suffered episodes of fatigue, sleep disturbance, complaints of sore throat, coughing, sneezing, wheezing and allergy type symptoms due to alleged Toxic Black Mold exposure in addition to multiple aforementioned harms.

(136)    Mr. Eaton claims that ODOC and Defendants Violated ORS 430.755 Retaliation prohibited; liability for retaliation. (1) A facility, community program or person shall not retaliate against any

person who reports in good faith suspected abuse or against the allegedly abused adult with respect

to any report.

(2) Any facility, community program or person that retaliates against any person because of a

report of suspected abuse shall be liable in a private action to that person for actual damages

and, in addition, a penalty up to $1,000, notwithstanding any other remedy provided by law.

(3)(a) Any adverse action is evidence of retaliation if taken within 90 days of a report.

(b) For purposes of this subsection, "adverse action" means any action taken by a facility,

community program or person involved in a report against the person making the report or

against the adult with respect to whom the report was made because of the report, and includes

but is not limited to:

(137)    Mr. Eaton claims that ODOC and Defendants Violated ORS 421.105 Enforcement of rules;

**violence and injury** to adults in custody prohibited. (1) The superintendent may enforce

obedience to the rules for the government of the adults in custody in the institution under the

supervision of the superintendent by appropriate punishment but neither the superintendent nor any

other prison official or employee may strike or inflict physical violence except in self-defense,**, or**

**inflict any cruel or unusual punishment.** This ORS Was and is being violated, in that Mr. Eaton

is forced to use the only available showers or go to D.S.U ( Disciplinary Housing Unit ) if Mr.

Eaton refuses to shower.

(138)    Mr. Eaton claims further that he is under the protection of the law through (2) The person

of an **adult in custody sentenced to imprisonment in the Department of Corrections**

**institution is under the protection of the law** and the adult in custody shall not be injured except

as authorized by law, of the same ORS 421.105.

### THIRD CLAIM FOR RELIEF
### AGAINST ALL DEFENDANTS
### AMERICAN WITH DISIBILITIES ACT, AND VULNERABLE PERSONS PREVENTION ACT

(139)    Mr. Eaton re-alleges and incorporates all relevant paragraphs as though fully set forth

herein and further alleges as follows;

(140)    Mr. Eaton claims all the named Defendant's were notified of the risk of harm to Mr. Eaton's

health and safety, by the acts of and on September 2nd 2020, of sending the information to each

named defendant in this complaint.

(141)    Mr. Eaton claims that at all times relevant confined at T.R.C.I, a correctional institution for

the dept. of corrections and a ward of the State, and he is a vulnerable person that suffers multiple

disabilities and is entitled to the protection of the Oregon's Vulnerable and disabled person's

prevention Act, O.R.S. 124.100 et. Seq as follows;

(142)    Mr. Eaton claims that he was at all times relevant protected as an incarcerated and

incapacitate("Incapacitated" has the meaning given that term in ORS 125.005.)  vulnerable person

confined under O.R.S. 124.100 and O.R.S. 125.005 (3) and (5) in that a condition existed in which

his ability to manage financial resources effectively due to chronic use of controlled substances,

suffering from post traumatic stress, mental illness and confinement making Mr. Eaton a

financially incapable vulnerable person, to be proven at trial.

(143)    Mr. Eaton claims that ODOC and Defendants, by the conduct described in paragraphs

above, defendants caused the abuse of Mr. Eaton pursuant to O.R.S. 124.100 (2)and (5) to be

proven at trial.

(144)    Mr. Eaton claims that he suffered injury and damages described herein, by reason of the

abuse pursuant to O.R.S. 124.100 (2), and is entitled to the relief sought in  the amount stated

herein to be proven at trial.

(145)    Mr. Eaton claims that he is a Vulnerable and disabled persons as defined by the A.D.A. And

the Rehabilitation Act in that Mr. Eaton has multiple mental impairments, depression, post

traumatic stress, and concentrating, respiratory, performing manual task, breathing do to Asama

and other documented disabilities. All of these disabilities are well documented in prisons around

the west coast from San Quentin State Prison, Oregon State Dept. Of Corrections, Washington

State Prison system.

## PRAYER FOR RELIEF

**WHEREFORE;** Mr. Eaton prayers that this court grant him tall of the following relief:

(a) a declaration that the acts and omissions described herein violate Mr. Eaton's rights under the U.S. Constitution.

(b) A preliminary and permanent injunction ordering the Oregon Dept. of Corrections Defendants to properly train or retrain it's officers on the Dept.'s official policies on an Adult in Custody's absolute Right of access to the Courts without any form of obstruction, intimidation, harassment, or retaliation which is Guaranteed by the First Amendment of the U.S. Constitution.

(c) A preliminary and permanent injunction Ordering O.D.O.C to create a qualified shower clean up and sanitation crew.

(d) An award of compensatory damages to Mr. Eaton in a sum that is just, as determined by a jury.

(e) Treble damages Award requested by Mr. Eaton pursuant to O.R.S. 124.100 (2) (a) if Mr. Eaton prevails at trial in this action.

(f) An award of Economic damages to Mr. Eaton in a sum that is just, as determined by a jury.

(g) An award of Punitive damages to Mr. Eaton in a sum that is just, as determined by a jury.

(h) Mr. Eaton's cost and Attorney fee's in this suit, and;

(i) any additional relief that this court deems just and proper and equitable.

Mr. Eaton has made a demand for jury trial and request a trial on all issues and matters so

triable.

DATED THIS 2nd  DAY OF September 2020.

_____.
(Signature)

Print Name:**Aaron Dale Eaton,**
S.I.D. No14997682.
O.D.O.C. - T.R.C.I.
82911 Beach Access Rd.
Umatilla, OR. 97882

## VERIFICATION

I hereby verify that I have read all of the drafted complaint here and I also verify that all matters alleged herein are True and Correct to the best of my knowledge and belief – except as to matters that I have alleged herein that was based on information that i recieved on belief – and as to all of those matters, I believe them to be true.

I further verify under penalty of perjury that all of the foregoing is true to the best of my knowledge and belief.

DATED THIS 2nd  DAY OF September 2020.        Respectfully,

_____
(Signature)

 Print Name:**Aaron Dale Eaton,**
S.I.D. No14997682.
O.D.O.C. - T.R.C.I.
82911 Beach Access Rd.
Umatilla, OR. 97882

**CERTIFICATION AND CLOSING**

Under Federal Rules of Civil Procedure 11, by signing below I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation: (2)is supported by existing law or by a non frivolous argument for extending, modifying, or reversing existing law: (3) The factual contentions have evidentairy  support as if  specifically so identified, will likely have evidentairy support after a reasonable opportunity for further investigation or discovery; and (4) The Complaint otherwise complies with rule 11.

DATED THIS 2nd  DAY OF September 2020.            Respectfully,

_____
(Signature)

 Print Name:**Aaron Dale Eaton,**
S.I.D. No14997682.
O.D.O.C. - T.R.C.I.
82911 Beach Access Rd.
Umatilla, OR. 97882

## CERTIFICATE OF SERVICE

CASE NAME: Eaton _____ v. Eynon et al _____

CASE NUMBER: (if known) 2:20 CV 01251 - SI _____

COMES NOW, Aaron Dale Eaton _____, and certifies the following:

That I am incarcerated by the Oregon Department of Corrections at <u>Two Rivers Correctional Institution (TRCI)</u>.

That on the 2nd day of September _____, 2020, I personally gave Two Rivers Correctional Institution's e-filing service A TRUE COPY of the following:

Amended Complaint
Motion to For leave to Amend Complaint
Declaration in Support For leave to Amend

_____

(Signature)

Print Name Aaron Dale Eaton

S.I.D. No.: 14957682