ELLEN F. ROSENBLUM
Attorney General
VANESSA A. NORDYKE #084339
Senior Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
Telephone: (503) 947-4700
Fax: (503) 947-4792
Email: Vanessa.A.Nordyke@doj.state.or.us

Attorneys for Defendants Blewett, Darcy, Eynon, Rossi, Stark

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| AARON DALE EATON,<br><br>    Plaintiff,<br><br>    v.<br><br>Two Rivers Correctional Institution Grievance coordinator EYNON; Two Rivers Correctional Institution Grievance coordinator ROSSI; Two Rivers Correctional Institution Physical Plant Manager STARK; Two Rivers Correctional Institution Physical Plant Asst. Manager; DARCY; Two Rivers Correctional Institution Superintendent T. BLEWETT; the OREGON DEPARTMENT OF CORRECTIONS; in their individual and official capacities as appropriate,<br><br>    Defendants. | Case No. 2:20-cv-01251-SI<br><br>DEFENDANTS' MOTION FOR SUMMARY JUDGMENT |

**CERTIFICATE OF CONFERRAL**

Pursuant to L.R. 7-1(a)(1)(A), counsel for defendants certifies that plaintiff is a self-

represented litigant in the custody of the Oregon Department of Corrections.

Page 1 -   DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
    VAN/cbh/10416092-v1

# MOTION

Pursuant to Fed. R. Civ. P. 56(a), defendants move the Court for an order dismissing this case for failure to state a claim on all claims, failure to establish personal involvement on some defendants, and failure to exhaust administrative remedies on some defendants. *See Albino v. Baca*, 747 F.3d 1162, 1168-71 (9th Cir. 2014). This motion is supported by the legal arguments below and the Declarations of Eynon and Stark with attached exhibits.

# MEMORANDUM OF LAW

## I. STANDARDS OF REVIEW.

### A. Summary Judgment.

Summary judgment shall be granted when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The initial burden is for the moving party to point out the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Once that initial burden is satisfied, the burden shifts to the non-movant to demonstrate through the production of probative evidence that there remains an issue of fact to be tried. *Id.* "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322. To defeat summary judgment, a non-moving party must do more "than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, "where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Id.* at 587.

### B. The *Albino v. Baca* summary judgment standard for exhaustion issues.

Exhaustion of administrative remedies is an affirmative defense properly raised by a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. *Albino v. Baca*,

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4792

747 F.3d 1162, 1168 (9th Cir. 2014). If the evidence, viewed in the light most favorable to the prisoner, "shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56." *Id.* at 4-5. If there are disputed issues of fact that preclude summary judgment on the issue of exhaustion, those factual disputes should be resolved by a court—not a jury—in the same manner that a court would decide disputed factual questions relevant to jurisdiction or venue. *Id.* at 14. The defense of exhaustion should be decided "before reaching the merits of a prisoner's claim." *Id.*

## II. LEGAL ARGUMENT.
### A. The Prison Litigation Reform Act (PLRA's) pre-suit exhaustion requirement.

The Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a), requires that an inmate exhaust all remedies prior to filing an action under any federal law. *Porter v. Nussle*, 534 U.S. 516, 524 (2002). The PLRA exhaustion requirement serves several important purposes that "reduce the quantity and improve the quality of prisoner suits." *Id.* at 524. The requirement allows corrections officials the opportunity to engage in corrective action that could obviate the need for litigation as well as create an administrative record useful to litigation. *Id.* at 525.

Section 1997e(a) specifies that "[n]o action shall be brought . . . until . . . available remedies are exhausted." 42 U.S.C. § 1997e(a). Under this provision, no claim may be pursued in court unless the prisoner has given the prison authorities an opportunity to consider providing some relief regarding the facts underlying the grievance. *See Booth v. Churner*, 532 U.S. 731, 736 (2001). Moreover, inmates are required to exhaust all available remedies prior to filing Section 1983 actions, including appealing any grievance decision to its highest level within the grievance system. *See Bennett v. King*, 293 F.3d 1096, 1098 (9th Cir. 2002); *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002).

To be considered an "available remedy," the remedy must be "capable of use; at hand." *Albino*, 747 F.3d at 1171. The exhaustion provisions of 42 U.S.C. § 1997e(a) are an affirmative

Page 3 -    DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
     VAN/cbh/10416092-v1

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4792

defense that the defendants must advance, not pleading requirements placed on the shoulders of the inmate in a 42 U.S.C. § 1983 action. *Albino*, 747 F.3d at 1172. Here, defendants have advanced the defense of exhaustion, demonstrating that remedies were available, at hand and capable of use by plaintiff. Plaintiff's grievance history demonstrates his familiarity with ODOC's grievance system.[1]

### B. No exhaustion of administrative remedies for Rossi, Eynon, Darcy, and Maney.

Plaintiff alleges violations of the First, Eighth, and Fourteenth Amendments by all defendants (Eynon, Rossi, Stark, Darcy, Blewett, Maney, and ODOC) stemming from a common nucleus of facts: defendants exposed plaintiff to "toxic black mold", improperly denied his grievance about the mold, and subjected plaintiff to an unconstitutional grievance policy. Dkt # 2, ¶ 103-115. Exposure to toxic mold is a 'grievable' incident under ODOC's grievance system. Decl. Grievance Coordinator, ¶ 10. Plaintiff identifies Grievance No. TRCI 2020-03-148 as the pertinent grievance. Dkt # 2, ¶ 107. However, plaintiff also attaches Grievance Nos. TRCl-2020-04-186 to his Complaint. Dkt # 2-1, pp. 3-17. Another grievance concerning mold is TRCI-2020-05-036. Decl. Grievance Coordinator, Att. 8.

Adults in custody (AICs) should include all involved staff in their grievance concerning the same incident. Decl. Grievance Coordinator, Att. 2, OAR 291-109-0210(1)(a). Here, plaintiff filed several grievances concerning black mold against defendant Rossi and the ODOC Director (Colette Peters), as well as unnamed medical and physical plant staff. The Grievance Coordinator could not find any grievances specifically mentioning or grieving Eynon, Darcy, or Maney concerning the allegations set forth plaintiff's Third Amended Complaint. Decl. Grievance Coordinator, ¶ 39. Plaintiff initiated, but did not complete, a grievance against Rossi.

---

[1] Decl. Grievance Coordinator, Attachment 4.

Page 4 - DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
VAN/cbh/10416092-v1

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4792

Decl. Grievance Coordinator, ¶ ¶ 20-21, 38; Att. 6. Rossi, Eynon, Darcy, and Maney should be dismissed without prejudice for failure to exhaust administrative remedies.

### C. Peters and Blewett should be dismissed for lack of personal involvement.

To state a claim under § 1983, "[a] plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). Moreover, to the extent that Plaintiff is proceeding under a *respondeat superior* theory, it is well established that "[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (citation omitted); *Monell v. Dep't of Soc. Serv.s of City of New York*, 436 U.S. 658, 691-94 (1978). And "[b]ecause vicarious liability is inapplicable to * * * § 1983 suits, a plaintiff must plead that each Government-official defendant, *through the official's own individual actions*, has violated the Constitution." *Id.* (emphasis added).

A "supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Supervisory liability may attach where plaintiff presents evidence that a supervisor is liable, in his individual capacity, for his own culpable action or inaction in the training, supervisor, or control of his subordinates; for his knowledge of and acquiescence in the unconstitutional conduct of others; or for conduct that showed a reckless or callous indifference to the rights of others." *Starr v. Baca*, 652 F.3d 1202-1208 (9th Cir. 2011); *see also Peralta v. Dillard*, 744 F.3d 1076, 1086 (9th Cir. 2014) ("a prison administrator can be liable for deliberate indifference to a prisoner's medical needs if he 'knowingly fail[s] to respond to an inmate's requests for help."); *Farrar v. Peters*, No. 6:15-CV-00952-KI, 2016 WL 3156311, at *8 (D. Or. June 3, 2016), *appeal dismissed* (July 21, 2016) ("plaintiff must show the prison administrator was involved in the decision to deny the requested

Page 5 - DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
VAN/cbh/10416092-v1

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4792

medical service or had control over the medical care given to plaintiff, and knew of an excessive risk to plaintiff's health caused by the denial of service.")

Responding to administrative review is not enough to constitute personal involvement. *Madrid v. Dep't of Corr.*, No. 1:14-CV-00516-AWI, 2015 WL 4493593, at *5 (E.D. Cal. July 23, 2015) ("plaintiff cannot pursue any claims against staff relating to their involvement in the administrative review of his inmate appeals. The existence of an inmate appeals process does not create a protected liberty interest upon which Plaintiff may base a claim that he was denied a particular result or that the appeals process was deficient."). *Compare Vogelfang v. Capra*, 889 F. Supp. 2d 489, 503 (S.D.N.Y. 2012) (an officer tasked only with reviewing an administrative determination is not "personally involved" even if the underlying determination implicates a plaintiff's constitutional rights), *citing Odom v. Calero*, No. 06–cv–15527, 2008 WL 2735868, at *7 (S.D.N.Y. July 10, 2008) ("affirming the administrative denial of a prison inmate's grievance by a high-level official is insufficient to establish personal involvement under section 1983."); *Joyner v. Greiner*, 195 F. Supp. 2d 500, 506 (S.D.N.Y. 2002) (noting that denial of a grievance is not sufficient for a § 1983 claim.)

Here, even if the supervisory official is made aware of mold after the fact, that does not create a reasonable interference that they knew or should have known that ODOC policies were constitutionally inadequate. Where there is no evidence of the supervisory defendant on actual or constructive notice of the risk of constitutional injury, there is no personal involvement. Neither Peters (Director of ODOC) nor Blewett (TRCI Superintendent) were personally involved in care, maintenance, or cleanliness of plaintiff's showers. Decl. Stark, ¶¶ 5-6. Although Blewett responded to two grievances by plaintiff concerning the incidents at issue, (*see* Decl. Grievance Coordinator), but it is well-established that responding to administrative review does

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4792

not constitute personal involvement.[2] Consequently, Peters and Blewett must be dismissed for lack of personal involvement.

### III. Plaintiff fails to state a claim under the Fourteenth Amendment.

Plaintiff alleges violations of the First, Eighth, and Fourteenth Amendments stemming from a common nucleus of facts: defendants exposed plaintiff to "toxic black mold", improperly denied his grievance about the mold, and subjected plaintiff to an unconstitutional grievance policy. Dkt # 2, ¶¶ 103-115. Concerning the Fourteenth Amendment, plaintiff alleges that grievance rules prohibiting multiple grievances for a single incident and requiring separate grievances for separate employees violate his right to due process under the Fourteenth Amendment. Dkt # 2, ¶ 114. "[P]risoners do not have a 'constitutional entitlement to a specific prison grievance procedure.'" *Fairley v. Shelton*, 664 Fed. Appx. 616, 617 (9th Cir. 2016) (citation omitted) (holding that the trial court properly granted summary judgment to a prison official against an inmate's claim alleging that the official improperly denied his grievance). A procedural due process claim has three elements: "(1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; [and] (3) lack of process." *Portman v. County of Santa Clara*, 995 F.2d 898, 904 (1993). To establish a due process violation, a plaintiff must first prove a deprivation of a constitutionally protected right. *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 428 (1982). Inmates have "no legitimate claim of entitlement to a grievance procedure." *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988); *see also Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) ("inmates lack a separate constitutional entitlement to a specific prison grievance procedure"). For all these reasons, plaintiff fails to state a claim under the Fourteenth Amendment.

---

[2] See *Madrid, Vogelfang,* and *Joyner* above.

Page 7 -   DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
VAN/cbh/10416092-v1

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4792

**IV. Plaintiff fails to state a claim under the First Amendment.**

Plaintiff alleges the grievance rule prohibiting adults in custody from filing multiple grievances for a single incident (OAR § 291-109-0140(5)) and the grievance rule prohibiting adults in custody from grieving multiple ODOC employees in a single grievance violate his First Amendment rights. Dkt # 2, ¶¶ 111-112. Plaintiff claims "this rule is being abused by the defendant's that have constantly chilled the plaintiffs exercise of his First Amendment rights, and these actions do not reasonably advance a legitimate correctional goal." Dkt # , ¶ 113. Plaintiff does not make clear whether "this rule" means the rule against multiple grievances per incident or separate grievances per ODOC employee. Either way, he fails to state a claim of First Amendment retaliation.

To prevail on a claim under 42 U.S.C. § 1983 for First Amendment retaliation, a prisoner must establish that he was retaliated against for exercising a constitutional right, and that the retaliatory action was not related to a legitimate penological purpose, such as preserving institutional security. *Barnett v. Centoni*, 31 F.3d 813, 815 16 (9th Cir. 1994) (per curiam). There are five elements that a plaintiff must establish in order to make out a First Amendment retaliation claim: (1) prison officials took adverse action against the inmate; (2) the adverse action was taken because the inmate (3) engaged in protected conduct; (4) the adverse action chilled the inmate's exercise of his First Amendment rights; and (5) the adverse action did not serve a legitimate correctional goal. *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009) (citing *Rhodes v. Robinson*, 408 F.3d 559, 567-58 (9th Cir. 2005)). "The nature of a retaliation claim requires that it be 'regarded with skepticism, lest federal courts embroil themselves in every disciplinary act that occurs in state penal institutions.'" *Banks v. Oregon*, Case No. 2:12-cv-01651-MC, 2014 WL 1946552, *3 (D. Or. May 12, 2014) (quoting *Adams v. Rice*, 40 F.3d 72, 74 (4th Cir. 1994)).

This Court may take judicial notice of the fact that ODOC administrative rules apply across ODOC to all adults in custody. *See generally* OAR § 291-190. In applying the five

Page 8 -   DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
VAN/cbh/10416092-v1

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4792

elements of First Amendment retaliation, there is no genuine issue of material fact. First, Plaintiff cannot show how denying grievances for non-compliance constitutes an adverse action for First Amendment purposes. Second, plaintiff cannot present any evidence showing an adverse action taken *because of* protected conduct. To the contrary, plaintiff's own exhibits show ODOC denying grievances for the explicit reason of failure to follow the OARs. Third, plaintiff engaged in protected conduct by pursuing grievances. Fourth, the action of denying grievances for non-compliance did nothing to chill plaintiff's exercise of his First Amendment rights. Plaintiff proceeded to file several grievances and pursue legal remedies.[3] Fifth, the action of denying grievances for non-compliance served the legitimate correctional goal of enforcing well-established departmentwide rules. Plaintiff fails to state a claim under the First Amendment.

---

[3] *See Sealey v. Busichio*, 696 F. App'x 779, 781 (9th Cir. 2017) (holding that the plaintiff's evidence of alleged retaliation for filing grievances, including destructive and frequent cell searches, shortened visitation times, and less time to shower and move between locations, was insufficient to create an issue of material fact to demonstrate a fear of retaliation, especially where the plaintiff "continued to file a stream of complaints in kites" which "somewhat weakens the objective basis for his contention that he was deterred here from using the normal grievance process"); *see also Carter v. C/O McNitt*, No. 2:17-cv-00888-JO, 2020 WL 2844445, at *3 (D. Or. June 1, 2020) ("Plaintiff's submission of more than forty grievances at Snake River between 2015 and 2017 shows that the alleged threat of retaliation would not have deterred him from filing grievances about the two alleged incidents in late 2015."); *Lepesh v. Peters*, No. 2:17-cv1135-MO, 2019 WL 4674491, at *4 (D. Or. Sept. 25, 2019) (holding that despite the plaintiff's allegations that the defendants retaliated against him for filing grievances by firing him from his assigned job and sending him to segregation, "the evidence in the record showing that [the plaintiff] filed grievances and made verbal complaints after his . . . termination undercuts his claim that his belief that prison officials would retaliate against him for filing grievances rendered the grievance system unavailable"); *Carter v. Shelton*, No. 18-cv-02035-PJH, 2019 WL 2929792, at *5 (N.D. Cal. July 8, 2019) (holding that the plaintiff "failed to meet his burden in demonstrating that the threat of retaliation made administrative remedies unavailable" where he filed fourteen administrative appeals during "the time frame during which plaintiff alleges he could not file an appeal due to the threat of retaliation"); *Heilbrun v. Villanueva*, No. 3:14-cv1706-SI, 2017 WL 2432152, at *7 (D. Or. June 5, 2017) (finding that the plaintiff did not make a sufficient showing that threats deterred him from filing grievances where he "filed numerous, often duplicative grievances" and "continued to file grievances for months [after the alleged threats]"); *Pelayo v. Hernandez*, No. C 13-3618 RMW (PR), 2015 WL 4747831, at *8 (N.D. Cal. Aug. 11, 2015) ("Taking all the facts together, the court concludes that plaintiff has not sufficiently alleged that he was 'actually deterred' from filing a grievance about defendant's retaliation.").

Page 9 -   DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
VAN/cbh/10416092-v1

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4792

## V. Failure to state a claim under the Eighth Amendment.

Plaintiff alleges cruel and unusual punishment from exposure to black mold. Dkt # 30, ¶ ¶ 118-119. "The Eighth Amendment's prohibition against cruel and unusual punishment imposes duties on prison officials to 'provide humane conditions of confinement.'" *Foster v. Runnels*, 554 F.3d 807, 812 (9t1 Cir. 2009) (*quoting Farmer v. Brennan*, 511 U.S. 825, 832 (1994)). To establish an Eighth Amendment violation based on conditions of confinement, an inmate must make two showings. *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000).

First, the inmate must make an "objective" showing of a deprivation serious enough to violate the Eighth Amendment. *Id*. The objective inquiry requires a showing that the inmate was deprived of something "sufficiently serious," such that he has been deprived of the minimal civilized measure of life's necessities. *Foster*, 554 F.3d at 812; *Watison v. Carter*, 668 F.3d 1108, 1112 (9-4 Cir. 2012). For the objective component, "extreme deprivations are required to make out a conditions-of-confinement claim." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). The Supreme Court has noted that "the length of confinement cannot be ignored.... A filthy, overcrowded cell ... might be tolerable for a few days and intolerably cruel for weeks or months." *Hutto v. Finney*, 437 U.S. 678, 686-87, 98 S.Ct. 2565 2571, 57 L.Ed.2d 522 (1978). *Cf. Smith v. Copeland*, 87 F.3d 265, 269 (8th Cir.1996) (no Eighth Amendment violation when prisoner was exposed for four days to raw sewage from an overflowed toilet in his cell). Shower mold is a far cry from exposure to several days of raw sewage from an overflowing toilet. Only substantial deprivations can satisfy the objective element because, as the Supreme Court has made clear, "the Constitution does not mandate comfortable prisons;" indeed, those that house persons convicted of serious crimes "cannot be free from discomfort." *Rhodes v. Chapman*, 452 U.S. 337, 349, 101 S. Ct. 2392, 69 L. Ed. 2d 59 (1981). To the extent that prison conditions "are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." *Id*. at 348. Even conditions that inflict pain and discomfort do not transgress the Eighth Amendment absent a showing that those conditions are unnecessary or

Page 10 - DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
VAN/cbh/10416092-v1

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4792

grossly disproportionate to the severity of the crimes warranting imprisonment. *Id*. (housing two inmates in a 63 square foot cell is not cruel or unusual).

Here, plaintiff presents no evidence of a sufficiently serious harm. Assuming *arguendo* there was mold in the showers, shower mold is not a sufficiently serious harm to constitute cruel and unusual punishment. He fails to state a claim under the Eighth Amendment.

In addition to the objective showing, the inmate must make a "subjective" showing that the prison officials acted with culpable mental states. *Johnson*, 217 F.3d at 731. In general, a prison official acts with a sufficiently culpable state of mind if he or she "knows of and disregards an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837, 114 S. Ct. 1970, 128 L.Ed. 2d 811 (1994). *See also Johnson*, 217 F.3d at 733 (stating applicable culpable mental states for conditions-of-confinement claims).

Here, there is no evidence of defendants deliberately allowing mold to grow in plaintiff's showers. And, in the light most favorable to plaintiff, ODOC promptly cleaned the showers after plaintiff brought it to ODOC's attention. Namely, plaintiff told ODOC: "I've just found black mold in Unit 2 showers and the officer is having it cleaned." Decl. Eynon, Att. 9, p. 14. Stark told plaintiff about ODOC's stepped-up efforts to maintain cleanliness in light of COVID-19 and encouraged plaintiff to report any medical symptoms: "Cleaning products are regularly provided to each housing unit to ensure that the cleanliness of the showers, as well as the entire unit, is maintained. Additionally, during the current virus concerns of covid-19, effective April 14, 2020, bleach has been provided to all housing units as an additional cleaning agent. Housing unit staff have reported hearing no complaints for several months about the condition of the Unit 2 showers. As a reminder, anytime you experience an Illness or injury, or have questions about your wellness, you are encouraged to contact Health Services. Routine care can be accessed

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4792

through Communication Forms. Illnesses can be addressed through sick-call signups. Acute health concerns can be addressed anytime by contacting a staff member for help."[4]

In short, there is no evidence of deliberately exposing plaintiff to shower mold. ODOC promptly addressed plaintiff's concerns and invited him to seek medical treatment if he needed it. There is no evidence of a *deliberate* disregard to an *excessive* risk to plaintiff's health by the named defendants. This claim fails for lack of a genuine issue of material fact.

**VI.  Failure to state a claim under the Fourteenth Amendment.**

Plaintiff alleges that defendants Eynon and Rossi denied his Fourteenth Amendment rights by "originally denying the grievance T.R.C.I. 2020-03-148 then accepting it after a period of time, was intentionally done to delay, hinder, stymie, chill, Mr. Eaton's right to access the court for redress of grievances thereby Violating the First Amendment which is A Protected Right, and fourteenth Amendment Protected Rights. Both of which make the grievance process a protected Right." Dkt # 30, ¶ 124. "Inmates have "no legitimate claim of entitlement to a grievance procedure." *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988); see also *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) ("inmates lack a separate constitutional entitlement to a specific prison grievance procedure"). Plaintiff fails to allege facts suggesting he was deprived a liberty or property interest without notice and the opportunity to be heard in violation of the Fourteenth Amendment. Plaintiff fails to state a claim.

**VII.  This Court should dismiss this case under § 1915(e).**

Under 28 U.S.C. § 1915(e), this Court shall dismiss the case at any time if the court determines that—

>  (A)   the allegation of poverty is untrue; or
>
>  (B)   the action or appeal—
>
>    (i)   is frivolous or malicious;

---

[4] Dkt # 2-1, p. 23.

Page 12 -  DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
    VAN/cbh/10416092-v1

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4792

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.

Here, plaintiff fails to state a claim for reasons set forth above. Without more, this Court should dismiss this action pursuant to 28 U.S.C. § 1915(e). Plaintiff's decision to bring claims against high-ranking state officials without any evidence of personal involvement is frivolous. Plaintiff's decision to bring claims that he did not exhaust, despite his familiarity with grievance rules, is frivolous. Lastly, it should be noted that plaintiff is a frequent litigator, with four pending federal cases against ODOC officials, including this one.[5] For all these reasons, this case should be dismissed pursuant to 28 U.S.C. § 1915(e).

DATED June  2 , 2021.

Respectfully submitted,

ELLEN F. ROSENBLUM
Attorney General


*s/ Vanessa A. Nordyke*
VANESSA A. NORDYKE #084339
Senior Assistant Attorney General
Trial Attorney
Tel (503) 947-4700
Fax (503) 947-4792
Vanessa.A.Nordyke@doj.state.or.us
Of Attorneys for Defendants

---

[5] 3:21-cv-00196-SB; 2:19-cv-01718-SU; 2:20-cv-01251-SI; 2:20-cv-01641-SI.

Page 13 - DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
VAN/cbh/10416092-v1

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4792

# CERTIFICATE OF SERVICE

I certify that on June  2 , 2021, I served the foregoing DEFENDANTS' MOTION FOR SUMMARY JUDGMENT upon the parties hereto by the method indicated below, and addressed to the following:

| | |
|---|---|
| Aaron Dale Eaton | ___ HAND DELIVERY |
| SID #14997682 | ___ MAIL DELIVERY |
| Two Rivers Correctional Institution | ___ OVERNIGHT MAIL |
| 82911 Beach Access Road | ___ TELECOPY (FAX) |
| Umatilla, OR 97882 | ___ E-MAIL |
|     Plaintiff Pro Se | _X_ E-SERVED PURSUANT TO TRCI STANDING ORDER NO. 2019-12 |

                                          *s/ Vanessa A. Nordyke*
                                     VANESSA A. NORDYKE #084339
                                     Senior Assistant Attorney General
                                     Trial Attorney
                                     Tel (503) 947-4700
                                     Fax (503) 947-4792
                                     Vanessa.A.Nordyke@doj.state.or.us
                                     Of Attorneys for Defendants Blewett, Darcy,
                                          Eynon, Maney, Rossi, Stark and Oregon
                                          Department of Corrections

Page 1 -   CERTIFICATE OF SERVICE
        VAN/cbh/32158614
                      Department of Justice
                      1162 Court Street NE
                      Salem, OR 97301-4096
                  (503) 947-4700 / Fax: (503) 947-4792