Aaron D. Eaton
# 14997682
Two Rivers Correctional Institution
82911 Beach Access Rd.
Umatilla, OR. 97882

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF OREGON

**AARON DALE EATON,**
**PLAINTIFF**

CASE NO.2:20-cv-01251-SI

V

Two Rivers Correctional Institution
Grievance coordinator Eynon;
Two Rivers Correctional Institution
Grievance coordinator Rossi;
Two Rivers Correctional Institution
Physical Plant Manager Stark;
Two Rivers Correctional Institution
Physical Plant Asst. Manager Darcy;
Two Rivers Correctional Institution
Superintendent T. Blewett;
Two Rivers Correctional Institution
Provider Maney;
Two Rivers Correctional Institution
Provider Cynthia Lecloux;
Two Rivers Correctional Institution
Officer Willis;
Two Rivers Correctional Institution
Officer Lemmon;
Two Rivers Correctional Institution
Lieutenant Robinson,
**ALL DEFENDANTS ARE NAMED IN THEIR**
**INDIVIDUAL AND OR OFFICIAL**
**CAPACITIES AS APPLICABLE,**
**DEFENDANTS.**

4th AMENDED
CIVIL COMPLAINT
42 U.S.C. § 1983 and ADA,

**VERIFIED COMPLAINT**

-----------------------------------------------------------------------------------------------------------

## INTRODUCTION

**(1)** This is a Civil Rights action being filed by Mr. Eaton the Plaintiff, is a state prisoner confined at the Two Rivers Correctional Institution ( TRCI ) for damages and injunctive relief alleging Constitutional violations which lead to episodes of fatigue, sleep disturbance, coughing, sneezing, allergy type symptoms, wheezing and respiratory type symptoms, and a compromised immune system due to toxic black mold exposure, in violation of the U.S Constitution First, Eighth, Fourteenth through **42 U.S.C. § 1983** and **42 U.S.C. §12101, 42 U.S.C. § 12133 Enforcement. and 42 USC § 12102 (1) paragraph (3), and 28 CFR 35.103**

(2) Mr. Eaton is also going to bring A.D.A claims.

(3) Mr. Eaton will be alleging Constitutional violations on top of everything else.

## I
## JURISDICTION

(4) This court has jurisdiction to hear Mr. Eaton's claims under **42 U.S.C. § 1983** and **Title II of the ADA, 42 U.S.C. § 12133 Enforcement. And , 42 U.S.C. § 12131 and 42 USC § 12102 (1) paragraph (3), and 28 CFR 35.103** Relationship to other laws. (b) Other laws. This part does not invalidate or limit the remedies, rights and procedures of any other federal laws, or State, or local laws ( including state common law ) that provide greater or equal protection for the rights of individuals with disabilities or individuals associated with them.

## PARTIES TO THIS ACTION
## PLAINTIFF

(5) At all times relevant to this action, Mr. Eaton, was a ward of the state of Oregon, and an Adult In Custody ( AIC ) in the custody of the Dept. of corrections confined at The Two Rivers Correctional Institution ( TRCI ).

## DEFENDANTS
## ALL DEFENDANTS ARE NAMED IN THEIR
## INDIVIDUAL AND OR OFFICIAL
## CAPACITIES AS APPLICABLE,

(8)     At all times relevant to this action, the defendant Physical Plant manager Stark, was employed as an agent of the State of Oregon, assigned to the TRCI Physical Plant.

(9)     At all times relevant to this action, the defendant Physical Plant asst. manager Darcy, was employed as an agent of the State of Oregon, assigned to the TRCI Physical Plant.

(10)    At all times relevant to this action, the defendant Willis was employed as an agent of the State of Oregon, as the unit 5 day officer, and a direct contact for this action.

(11)    At all times relevant to this action, the defendant Lemmon was employed as an agent of the State of Oregon, as the unit 5 day officer, and a direct contact for this action.

(12)    At all times relevant to this action, the defendant Mr. Rossi was employed as an agent of the State of Oregon, as TRCI's Grievance coordinator.

(13)    At all times relevant to this action, the defendant Eynon was employed as an agent of the State of Oregon, as TRCI's Grievance coordinator.

(14)    At all times relevant to this action, the defendant Maney was employed as an agent of the State of Oregon, as Mr. Eaton's Medical Provider.

(15)    At times relevant to this action, the defendant Cynthia Lecloux was employed as an agent of the State of Oregon, as one of Mr. Eaton's Medical Provider.

(16)    At all times relevant to this action, the defendant, Lieutenant, Robinson  was employed as an agent of the State of Oregon, assigned to the Two Rivers Correctional Institution.

(17)    At all times relevant to this action, the defendant, T. Blewett was employed as an agent of the State of Oregon, assigned to the position of Superintendent.

## STATEMENT OF FACTS
## AND
## FACTUAL ALLEGATIONS

(18)    Mr. Eaton is a person with a disability due to mental illness, chronic use of drugs and or controlled substances, chronic intoxication, and confinement, who is susceptible to force, threats,

duress, coercion, persuasion or emotional injury because of the person's physical or mental impairment.

(19)     Mr. Eaton alleges that he is a person protected within the protected class  **42 U.S.C. § 12133. and 12102 (3) through 28 CFR 35.103** Relationship to other laws.

(20)     Mr. Eaton alleges that he was exposed to an imminently hazardous life threatening toxic chemical substance [ MOLD ] that presents an unreasonable risk of serious physical injury and potential death,because of the exposure to the toxic molds, which did cause injury to his respiratory system, Mr. Eaton continues to allege that toxic mold exposure further poses a risk for later harm, as black mold has been shown to have later harmful manifestations, including later physical debility and premature dementia.

(21)     Mr. Eaton developed a sore throat, head aches, itchy skin, diarrhea, confusion, nausea, and allergy type symptoms that had caused **wheezing and breathing problems** over the past two weeks and he had then signed up for sick call.

(22)     On or about Feb. 26th 2020 correctional officer Willis informed multiple Adult's In Custody ( AIC ) including Mr. Eaton, that Physical Plant Manager Stark was sent multiple emails and a work order was sent to Mr. Stark to come down to unit two and inspect the showers for possible Black Mold.

(23)     Mr. Eaton was told by correctional officer Willis that defendant Stark was refusing to come and verify and or confirm the allegations of toxic black mold and expressed an unwillingness to send anyone else concerning the black mold in the showers, there is also visible black mold in some of the housing unit cell vents and all the cell are ventilated in a continuous line without filters.

(24)     Mr. Eaton alleges, and asserts, that Defendants assured him and other inmates that use the showers on the unit that the showers were safe and their health and safety were taken in to

consideration, and that the showers do not need to be decontaminated. decontamination was and is not necessary.

(25)    Mr. Eaton was seen by TRCI medical staff and had follow up appointments were he was prescribed Albuterol to modify his ability to breath, due to respiratory complaints and allegations of there being Black Mold on and in unit two showers, Mr. Eaton was seen by TRCI medical staff on multiple occasions, where respiratory exacerbation was diagnosed, and treatment was provided by prescribing Albuterol. This confirms the new onset of worsened respiratory injury coincident with the toxic mold exposure.

(26)    Mr. Eaton and Mr. Byers took cotton swab samples of what they believe to be Toxic Black Mold from the unit two showers between the week of Feb. 24th and Feb. 28th 2020.

(27)    Mr. Eaton witnessed that Mr. Byers experienced chest pains severe enough the next day to report to medical for treatment.

(28)    On Feb. 27th T.R.C.I. Medical confirmed the prescription of  Albuterol.

(29)    Mr. Eaton now suffers symptoms consistent with chronic fatigue and abnormally frequent thirst.

(30)    Mr. Eaton has made multiple complaints to TRCI Medical Staff concerning his continuous sore throat, coughing, sneezing, wheezing and respiratory type symptoms, as confirmed by the many communications Mr. Eaton has sent.

(31)    Mr. Eaton alleges that the defendants' were deliberately indifferent to his health and safety.

(32)    Mr. Eaton personally witnessed on Feb. 28th 2020 AIC and hazmat and blood and body fluid specialist Larry Beasley  was called to unit two and was instructed by unit officer Willis to decontaminate the unit showers all of them duo to the presence of Black Mold in all of the housing unit showers.

(33)    The Oregon Dept. of corrections CD-316 Inspection report,Security/Safety/Sanitation form

in the section designated: **SANITATION:** Specifically states: " Grounds, floors, furniture, fixtures, windows, receptacles, vents, elevators, stairs, handrails, toilets, sinks, and urinals clean. No noxious odors, etc. All areas must be maintained in a neat and clean condition.

(34)　This Sanitation report also states that " Any security, safety, or SANITATION problems discovered will be reported immediately to the supervisor and corrected, when applicable a work order will be prepared and forwarded to the appropriate supervisor."

(35)　Mr. Eaton alleges that Mr. Stark blatantly refused to follow this ODOC protocol creating liability.

(36)　Mr. Eaton alleges that although this is what the housing unit officer Willis did, he was instructed by physical plant manager Stark that the issue will not be addressed and corrected.

(37)　On March 20th 2020, He filed the original grievance no. T.R.C.I-2020-03-148 and that this grievance was stamped received on 3-23-2020; Denied on March 26th 2020; Mr. Eaton received the denial on April 20th 2020, then upon Mr. Eaton filing an appeal to the denial, (which is not allowed under the current policy.) the denial was vacated and the original grievance was then accepted. This later acceptance suggest that T.R.C.I. Grievance coordinators intentionally delayed the process that is supposed to be a protected liberty interest under the 14th Amendment. The response to the grievance was sent on June 11th 2020 I filed an appeal on June 24th 2020 this appeal was returned for correction on July 8th sent to me on July 10th 2020 I received the returned for correction grievance on July 13th 2020 and sent it back corrected on July 14th 2020

(38)　Mr. Eaton alleges that these acts are Retaliatory in nature and intended to hinder, chill, delay, as shown by the dates that the grievance was accepted, then denied, then sent out taking over a month from original file date these  retaliatory acts are continuing and continuous.

(39)　On April 19th 2020 Mr.Eaton sent a correspondence to the grievance Dept. asking about the status of the grievance.

(40)     Mr. Eaton filed another grievance on April 20th 2020, alleging that ORS 421.105 (1) (2) was violated when they failed to protect him from the mold in the showers. Grievances TRCI-2020-04-186 was Received on 4-22-2020; denied on 4-27-2020, Mr. Eaton appealed the denial even though the current grievance process does not allow denied grievances to be appealed, this appeal was denied on June 4th 2020, Mr. Eaton appealed the denial of the appeal on June 15th 2020 this appeal was denied on June 26th 2020, Mr. Eaton sent a notice of tort on July 6th 2020.  Mr. Eaton received the tort claim No.L169341 on July 24th 2020.

(41)     Mr. Eaton alleges that these acts are retaliatory in nature these acts are continuing and continuous.

(42)     On April 23rd 2020 he sent a communication to Director Peters office.

(43)     On April 24th 2020 he asked for a refill for the prescribed Albuterol and was denied the refill.

(44)     On May 7th 2020 Mr. Eaton received acknowledgment concerning the letter he sent to the Director of the Dept. of Corrections.

(45)     On May 8th 2020 he received a declaration from James R Swearinger, concerning physical plant taking photos of the unit two showers talking about the presence of toxic black mold in the showers.

(46)     On May 8th 2020 he filed yet another grievance this one is about TRCI-2020-05-077 Medical not treating the symptoms of Sinusitis, wheezing and respiratory issues, this grievance was Received on, 5-12-2020; Returned For Correction on 5-19-2020; Received Again on 6-08-2020; Accepted 6-12-2020; ( These appeals are still pending an answer 2-22-21 )

(47)     On May 8th 2020 he received a declaration from Larry Beasley, who is the T.R.C.I. Bio-hazard orderly, stating that he was instructed to Bleach all of the unit two showers do to the mold issue.

(48)     On 5-08-20 c/o Willis stated that he remembered having Larry Beasley the bio hazard orderly come to the unit to clean the showers because the physical plant manager Stark was refusing to do his job.

(49)     Officer Willis also stated that it was a funny thing that physical plant came to the unit after over a month after refusing to accept a valid work order.

(50)     Officer Willis also stated that it was funny that he took pictures only after the showers were already cleaned with bleach.

(51)     On 5-08-20 physical plant manager Stark came to the housing unit and took pictures of the showers do to the allegations of black mold complaints.

(52)     On May 8th 2020 Mr. Eaton received a declaration from, Daniel Ray Myers, about the mold being talked about in the unit showers, by Mr. Stark.

(53)     On May 8th 2020 Mr. Eaton received a declaration from Richard Leon McKenzie, about the mold that was found in the unit showers.

(54)     Mr. Eaton alleges that being exposed to toxic black mold is cruel and unusual punishment.

(55)     On 5-10-2020 Mr. Eaton filed another grievance No. TRCI-2020-05-036 this grievance states " O.D.O.C Policy 20.1.3 §B.1 Violation of directives: 'Employees shall not knowingly commit or omit acts which constitute a violation of any policy,rule, procedures, regulations, directives, or orders of the dept.' Governor Kate Brown appoints the director of the dept. of corrections Colette Peters, the director then gives a directive, order, etc. to the dept. see ORS423.020(5)(d) 'The director of the dept. of corrections shall: Provide for the safety of all prisoners in the custody of the dept....' and ORS423.075 (1)(2)(4)(5)(a)(c)(d). On 5-10-20 there was black mold in the unit shower #4 on the bottom tier, the mold was under the handicap seat and feces was there too, There are two A.I.C's that witnessed the black mold because they were trying to clean it but they did nit have the CDC recommended supplies,....." This grievance was filed on

5-10-20; Received on 5-12-2020; Accepted on 5-19-2020; The response to the grievance was appealed on June 13th 2020 the appeal was received on June 16th 2020 and accepted on June 25th 2020,

(56) On 5-11-20 at 7:45pm L.T. Robinson came to Mr. Eaton's cell and asked him about the " kyte" he sent to director Colette Peters concerning the Mold in the unit showers. Mr. Eaton personally showed the L.T. The mold outside the downstairs shower # 1.

(57) Mr. Eaton showed L.T. Robinson the mold outside of the unit two shower #1 and the L.T. Stated "**this is an issue**" and " **I will work with physical plant to have not just this unit showers properly cleaned but all of the units will be cleaned.**"

(58) On May 12th 2020 Mr. Eaton received two declarations from Robert Jerome Byers.

(59) On May 12th 2020 he received several documents on known health related problems of mold and mildew exposure,these documents are as follows, Mold Fact Sheet, Truth About Mold, CDC Facts About Stachybotrys Chartarum, Toxic Mold Syndrome, Wellness How to identify hidden Mold Toxicity, Mold Illness, Mold Mycotoxins, Allergy Major Cause of ' Toxic Mold Syndrome ' , Is Mold Making You Sick, The DHSS Division of community and Public Health section 4.0 T-2 Mycotoxicosis. These were educational research do to the fact that he was informed that the mold could not cause any dangers to his health and safety by several medical, security, administration personal.

(60) On May 12th 2020 Mr. Eaton received a declaration from Nicky Nolan stating that "On 5-8-20 on Housing unit two I was assisting in the cleaning of the handicap shower doing a deep clean of the walls, seat, and floor tile. I lifted up the handicap seat in the handicap shower and i found visible black mold.

(61) On May 12th 2020 Mr. Eaton received an official letter from Oregon Dept. of Corrections stating that " **We will be moving forward in preparing a plan to keep our Institution to a high**

**level of cleanliness**." from Tyler Blewett the Superintendent of the two rivers correctional institution.

(62)     On May 18th 2020 he sent a medical request form stating that he has been waking up with blood coming out of his nose, medical stated that the issues were unrelated.

(63)     Mr. Eaton alleges that the showers on the unit were not healthy nor safe to shower in, therefor in violation of statute cited above.

(64)     Mr. Eaton alleges that these acts are retaliatory in nature and these acts are continuing and continuous.

(65)     Mr. Eaton alleges that Toxic Black Mold is a fungi and is a type of plant which is organic.

(66)     Mr. Eaton alleges that The United States Congress has already defined organic and inorganic substances of a particular molecular identity as a " **chemical substance**." **15 USC SEC 15 § 2602 (2) (B)**

(67)     Mr. Eaton alleges that the chemical substance Toxic Black Mold spreads it's microscopic spores through water ( ie showers) and through the air and invades the body through the body's physical barrier defense systems that include the Skin, Mucous membranes ( nose ), eyes and tears, ears and ear wax, and through Stomach acids.

(68)     On May 31st 2020 Mr. Eaton received a communication from L.T. Robinson confirming that T.R.C.I. Is taking steps to remove the contaminated tiles in all of the showers in the Institution,

(69)     Mr. Eaton received a communication on 6-1-2020 reaffirming the May 31st communication.

(70)     Mr. Eaton alleges that the chemical substance Toxic Black Mold is a disease-causing micro-organisms that has properties that increase the severity of a preexisting diseases or the disease it causes ( virulence )and it enables the disease to resist the body's mechanisms and is able to interfere with the body's production of antibodies or T-cells ( a type of white blood cell )

originally designed to attack them. After invading the body—Toxic Black Mold multiplies inside the body to produce infections overwhelming the body's defenses causing a compromised immune system, producing chronic infections which can lead to death.

(71)     Mr. Eaton alleges that Stark, Darcy, T. Blewett, Eynon, Rossi, and Maney were acting with deliberate indifference when they knowingly allowed the withholding of services that lead to physical harms, even though each defendant was repeatedly notified that injury had happened and was getting worse because of the continuing exposure to the toxic molds.

(72)     Mr. Eaton alleges that Stark, Darcy, T. Blewett, Eynon, Rossi, and Maney were acting with deliberate indifference when they knowingly abandoned Mr. Eaton including the desertion or willful forsaking of Mr. Eaton a person with a disability through the withholding or neglect of duties and obligations owed to Mr. Eaton, By a caregiver when they failed to remove the molds and or remove plaintiff from the unit that was infested with the molds.

(73)     Mr. Eaton alleges that Stark, Darcy, T. Blewett, Eynon, Rossi, and Maney were acting with deliberate indifference when they caused the willful infliction of physical pain and injury to Mr. Eaton, a person with a disability, when they forced him to use showers that were contaminated with toxic molds or he would get into trouble or risk a respiratory attack, causing injury to his disabilities.

(74)     Mr. Eaton alleges that Stark, Darcy, T. Blewett, Eynon, Rossi, and Maney were acting with deliberate indifference when they abused Mr. Eaton,a person with a disability, when they knowingly allowed physical injury caused by other than accidental means, to happen and get worse because they failed to act to diagnosis,treat, and or eliminate the toxic exposure.

(75)     At all relevant times to this compliant the Defendants,Maney, Stark, Darcy, T. Blewett, Eynon, and Rossi , were acting under color of State law when committing the illegal acts; defendants acting in bad faith violated clearly established laws which reasonable prison officials

knew or should have known that by willingly exposing Mr. Eaton to Toxic Black Mold is dangerous to his health and illegal.

(76)    As a result of these injuries  Mr. Eaton has suffered mental, emotional and psychological abuse and neglect, and physical injuries.

(77)    Mr.Eaton alleges that the Defendants Stark,  Darcy,  T. Blewett, Eynon, Rossi and Maney are directly and personally responsible and liable for the violations of Mr. Eaton's Civil Rights as set forth above and below.

(78)    Mr. Eaton suffered these injuries while in the care and custody of THE OREGON DEPT. OF CORRECTIONS, at the hands of Stark,  Darcy,  T. Blewett, Eynon, and  Rossi, and Maney.

(79)    As a result of these injuries Mr. Eaton did incur economic damages in an amount to be proven at trial. ( TRCI canteen receipt No. 8655237 )

(80)    As a further result of the injuries Mr. Eaton experienced as an inmate in ODOC custody, from Stark,  Darcy,  T. Blewett, Eynon, Rossi, and Maney  Mr. Eaton has incurred and will continue to incur non-economic losses including but not limited to emotional distress, mental anguish, trauma, post traumatic stress, anxiety, humiliation, anger, irritability, panic attacks, night sweats, nightmares and loss of sleep, and further injury to his respiratory system in an amount to be proven at trial.

(81)    Mr. Eaton alleges that defendants Stark,  Darcy,  T. Blewett, Eynon, Rossi, and Maney acted with deliberate indifference when they subjecting [him] and other Adults In Custody to unsafe showering conditions when they knew or should have known the potential risk of serious harm, yet defendants disregarded that risk by failing to take reasonable measures to decontaminate the units showers, or to treat plaintiff for the exposure to toxic molds or remove Mr. Eaton from the toxic exposure.

(82)    Mr. Eaton alleges that the "continual doctrine" applies here due to the fact that none of the

units showers or the vents to the units showers have been properly decontaminated to this day.( 12-31-2020 )

(83)    Mr. Eaton alleges that the continuing violation is illegal conduct, that the defendants know about and continue to avoid liability for their illegal conduct.

(84)    There has been prior allegations of MOLDS in other parts of this prison brought to the attention of the courts.[ROTISH V. SINGH, Plaintiff, v. SUE WASHBURN et al., Defendants. **Case No.** 2:14-CV-01477-SB]

(85)    Mr. Eaton alleges that the defendant Maney has still refused to properly diagnose and treat Mr. Eaton's serious medical condition in connection with Mr. Eaton's exposure to Toxic Black Mold.

(86)    Mr. Eaton alleges that the defendants acts were willful and malicious and done with reckless indifference to Mr. Eaton's protected rights, and his health and safety.

(87)    Mr. Eaton sent a CD214 form [ communication form ] to defendant Rossi stating that by denying Mr. Eaton's grievance for a rule or policy violation and choosing not to decide the grievance on the merits of the grievance then ODOC would be barred to the defense that Mr. Eaton failed to exhaust his remedies  should a suit be filed. Pozo v McCaughtry cert. Denied ( 2002 all this was in the body of the grievance as well.

(88)    Mr. Eaton alleges that the original grievance T.R.C.I. 2020-03-148 was originally denied, then after some time the Two Rivers Correctional Institution Grievance coordinator Eynon and Grievance coordinator Rossi realized Mr. Eaton's intent of holding them personally accountable as much as the law will allow, then and only then did they change the denial to an acceptance, to intentionally delay, hinder, stymie, chill, Mr. Eaton's right to access the court for redress of grievances,  Mr. Eaton alleges that these action violate constitutional provisions.

(89)     The Defendants have regulations in place under the Oregon Administrative Rules, OAR 291-109-0140(5) where ODOC inmates are not permitted to file multiple grievances for a single incident, nor are they permitted to grieve the actions of more than one ODOC employee per grievance form. OAR 291-109-0140(5) provided: "An inmate may not file more than one grievance regarding a single incident or issue." As of 2012, OAR 291-109-0140(3)(g) provided: "An inmate cannot grieve . . . the action or decision of more than one DOC . . . employee, volunteer or contractor on a single grievance form." Mr.Eaton alleges that this rule violates the plaintiff's First Amendment rights the U.S. Constitution denying him the right to petition ODOC for redress of grievance because if he has a continuing concern that deals with a similar incident that is now being grieved ( black mold ) but now different parties have become aware of the issue and have made a choice to deliberately ignore the issue, the plaintiff's petition for redress will get denied under this rule and the plaintiff challenges that this policy alone is retaliatory, and that this policy otherwise violates the plaintiff's rights under the First Amendment.

(90)     Mr. Eaton alleges that the Defendants, T. Blewett, Eynon, and Rossi have violated the plaintiff's First Amendment rights  because this rule and the actions of the defendant's are taking adverse actions against the plaintiff  because of the plaintiff's protected conduct, and that this rule is being abused by the defendant's that have constantly chilled the plaintiff's exercise of his First Amendment rights, and these actions do not reasonably advance a legitimate correctional goal."

(91)     The Defendants T. Blewett, Eynon, and Rossi have regulations in place under the Oregon Administrative Rules, OAR 291-109-0140(5) where ODOC inmates are not permitted to file multiple grievances for a single incident, nor are they permitted to grieve the actions of more than one ODOC employee per grievance form. OAR 291-109-0140(5) provided: "An inmate may not file more than one grievance regarding a single incident or issue." As of 2012, OAR 291-109-0140(3)(g) provided: "An inmate cannot grieve . . . the action or decision of more than one DOC . .

. employee, volunteer or contractor on a single grievance form." Mr.Eaton alleges that this rule violates the Fourteenth Amendment under the U.S. Constitution denying him the right to Due Process again because if he has a continuing concern that deals with a similar incident that is now being grieved ( black mold ) but now different parties have become aware of the issue and have made a choice to deliberately ignore the issue, the plaintiff's petition for redress will get denied under this rule and the plaintiff challenges that this policy alone is retaliatory, and that this policy otherwise violates the plaintiff's rights under the Fourteenth Amendment.

(92)     Mr. Eaton now continues to allege that the Defendants, T. Blewett, Eynon, and   Rossi interfere(ed) with a recognized liberty or property interest; under the Fourteenth Amendment and the procedures surrounding this alleged interference are not  constitutionally sufficient.

(93)     Plaintiff alleges that the Due Process Clause of the Fourteenth Amendment protects liberty interests that arise either under the clause itself or under state law and this policy violates plaintiff's Fourteenth Amendment protects liberty interests.

(94)     Mr. Eaton alleges that on September 2nd 2020 he sent to physical plant manager Stark and asst. manager Darcy and Superintendent Blewett and Grievance coordinators Eynon and Rossi via. The Institutional AIC communication form document cd214 form the following; several documents on known health related problems of mold and mildew exposure,these documents are as follows, Mold Fact Sheet, Truth About Mold, CDC Facts About Stachybotrys  Chartarum, Toxic Mold Syndrome, Wellness How to identify hidden Mold Toxicity, Mold Illness, Mold Mycotoxins, Allergy Major Cause of ' Toxic Mold Syndrome ' , Is Mold Making You Sick, The DHSS Division of community and Public Health section 4.0 T-2 Mycotoxicosis. These were educational research do to the fact that he was informed that the mold could not cause any dangers to his health and safety by several medical, security, administration personal.

(95) Mr. Eaton has Chronic Obstructive Pulmonary Disease , "COPD" documented within ODOC, medical dept. and the continued exposure to the toxic molds did cause injury to this disability.

(96) Chronic Obstructive Pulmonary Disease , "COPD" is an American With Disabilities Act, Recognized Respiratory Disability, that substantially limits one or more daily life activities.

(97) Mr. Eaton alleges that he has, in medical terms acute on chronic lung disease, enhanced by the toxic molds on the housing unit showers, which exposes Mr. Eaton daily, causing further respiratory injury.

(98) Mr. Eaton alleges that Provider Maney did act with deliberate indifference when he failed to provide timely proper medical diagnoses and treatment, for aggravated asthma and COPD respiratory problems, due to the toxic mold exposure on the housing unit, because injury did happen and in fact injuries continue to get worse.

(99) Mr. Eaton alleges that Provider Maney has failed to properly diagnose and treat his, in medical terms acute on chronic lung disease, which has been enhanced by the toxic molds on the housing unit showers, causing aggravated asthma and COPD respiratory problems.

(100) Mr. Eaton alleges that he has Asthma documented within ODOC, medical dept.

(101) Asthma is an American With Disabilities Act, recognized respiratory Disability, that substantially limits one or more daily life activities. And all defendants did cause injury to this disability, by not removing the toxic molds or removing him from the unit that was causing the injury

(102) Mr. Eaton alleges that because these allegations are respiratory effecting, causing further damage to the respiratory system, this complaint will qualify as an A.D.A complaint.

(103)     On September 1st 2020  Nurse Thurman seen Mr. Eaton for sick call and stated that Mr.

Eaton's left lung was damaged and that Mr. Eaton should be on a steroid inhaler, which will help to

establish a actual injury, exposure of the toxic molds are materials contributing to the cause of his

disability/need for treatment for his respiratory conditions. [ plaintiff has received the steroid ]

(104)    Mr. Eaton alleges that, A person impaired physically or mentally disabled and that the

individual has a physical or mental disability that significantly alters that person's daily life, such

as requiring new or unusual strategies to bathe.( **plaintiff must clean the shower prior to every**

**sue or risk a respiratory attach**) cook meals, buy groceries,( **walking to the canteen to**

**purchase items risks a respiratory attach** ) or perform the movements or activities of daily life.

( **plaintiff can no longer jog, or walk for long distances** ). Then both the ADA and Rehabilitation

Act define a "disabled individual" as one who "(i) has a physical or mental impairment which

substantially limits one or more of such person's major life activities, (ii) has a record of such an

impairment, or (iii) is regarded as having such an impairment.

(105)    Mr. Eaton alleges that the Defendants acted with deliberate indifference when they knew

that Mr. Eaton faced a substantial risk of serious harm and the defendants disregarded that risk by

failing to take reasonable measures to abate it.

(106)    Mr. Eaton alleges that the defendants had actual knowledge of the substantial risk of

serious harm that Mr. Eaton lived in due to the obviousness of the condition the housing unit

showers were in, and still are.( 2-18-2021 )

(107)     The Defendants were consonantly informed of the unsafe conditions of the housing unit

showers and failed to investigate the matter and figure out whether a substantial  risk of serious

harm  really existed before Mr. Eaton was seriously injured.

(108)    Mr. Eaton personally put the defendants on notice of the risk of serious harm being caused

by the black mold and substantial health hazard he was experiencing with his respiratory system himself.

(109)   At times relevant to this action, Cynthia Lecloux was Mr. Eaton's Medical Provider, and had the ability to test Mr. Eaton for the mold exposure that he has regularly complained of while being seen at scheduled appointments, and or order an evaluation to confirm the mold exposure.

(110)   At times relevant to this action, Officer Lemmon was the housing unit 5 day officer and had been fully aware of the complaints by Mr. Eaton concerning the mold on the unit showers.

## EXHIBITS

(111)   Mr. Eaton is requesting that this court take and incorporate by reference the exhibits that was attached to the past complaints as fully set forth herein.

### FIRST CLAIM FOR RELIEF
### AGAINST ALL DEFENDANTS
### EIGHTH AMENDMENT VIOLATIONS

(112)   Mr. Eaton re-alleges and incorporates all relevant paragraphs as though fully set forth herein and further claims, and is entitled as follows;

(113)   Negligence suggest inadvertence or a mistake, However as the Defendants were repeatedly notified of the problem and the risk of serious harm, as well as the progression of harm and failed to take necessary action to protect the plaintiff's health, they acted with deliberate indifference. Toxic molds are well known to cause the symptoms plus the illness manifested by the Plaintiff. The defendants were directly told that this was the cause of the Plaintiff's illness, they did not test for the source, environmentally or in the Plaintiff's body, they did not act to remove the Plaintiff from the toxic exposure, and they did not provide adequate treatment. The standard of care for any U.S citizen ( Community Standard Of Care ) would have been to Diagnose, Treatment, and Elimination of the Toxic Exposure.

(114)   Mr. Eaton claims all the named Defendants Stark, Darcy, T. Blewett, Eynon,and Rossi were notified of the risk of harm to Mr. Eaton's health and safety, by the acts of and on September 2nd 2020, of sending the information to each named defendant in this complaint, not one taking any form of action, thereby showing their deliberate indifference to Mr. Eaton's health and safety in violation of his Eighth Amendment Protected Right, to be free from cruel and unusual punishment.

(115)   The actions and or in-actions of defendants, Cynthia Lecloux, Officer Lommon, Officer Willis, Maney, Stark, Darcy, T. Blewett, Eynon, and Rossi were done with deliberate indifference to Mr. Eaton's health and safety causing actual injury to Mr. Eaton's respiratory system, violating the Eighth Amendment, to be free from cruel and unusual punishment.

(116)   Mr. Eaton claims of having complained of episodes of fatigue, sleep disturbance, complaints of sore throat, coughing, lung depletion, sneezing allergy type symptoms, wheezing and respiratory type symptoms due to alleged Toxic Black Mold exposure and failed to correct the exposure, the defendants Maney, Stark, Darcy, T. Blewett, Cynthia Lecloux, Officer Lommon, Officer Willis, Eynon, and Rossi acts were willful and done with reckless indifference to Mr. Eaton's health and safety with deliberate indifferent to Mr. Eaton's Eighth, Amendment Protected Rights, to be free from cruel and unusual punishment. .

(117)   All these claims mentioned caused Mr. Eaton mental, emotional, and psychological injuries amounting to cruel and unusual punishment in violation of Mr. Eaton's Eighth Amendment Protected Rights, by the defendants.

(118)   Mr. Eaton claims that he has been and will continue to be irreparable injured by the conduct of the defendants Stark, Darcy, T. Blewett, Eynon, Rossi and Maney unless this court grants the declaratory and injunctive relief which he seeks, and is entitled to.

(119)   Mr. Eaton claims that all defendants Stark, Darcy, T. Blewett, Eynon, Rossi and Maney

should be assessed punitive damages in an amount fixed by a jury to punish them, and to deter such conduct in the future by them and any other employee who would willingly violate federal and State laws.

(120)  Mr. Eaton has no plain, adequate or complete remedy at law to redress the wrongs described herein.

(121)  The Eighth Amendment to the U.S Constitution requires the defendants provide Mr. Eaton with safe housing. By housing Mr. Eaton in unsafe housing conditions the defendants violated the 8th Amendment under the U.S Constitution.

(122)  The defendants had actual knowledge of the serious risk of harm and the serious conditions of the housing unit showers, and even with the strong suspicion that a real health hazard existed the defendants failed to verify these relevant facts and chose instead to take refuge in the zone between ignorance and actual knowledge which constitutes deliberate indifference violating Mr. Eaton's 8th Amendment right under the United States Constitution, as a result of the defendants failure to act Mr. Eaton was seriously injured physically and emotionally.

(123)  At all relevant times to this compliant the Defendants, Maney, Stark, Darcy, T. Blewett, Eynon, and Rossi , were acting under color of State law when committing the illegal acts; defendants acting in bad faith violated clearly established laws which reasonable prison officials knew or should have known that by willingly exposing Mr. Eaton to Toxic Black Mold is dangerous to his health and illegal.

(124)  Cynthia Lecloux, is Mr. Eaton's Medical Provider, and has the ability to test Mr. Eaton for the mold exposure that he has regularly complained of while being seen at scheduled appointments, and or order an evaluation to confirm the mold exposure, and in failing to provide the community standard of care, being notified many times, Cynthia Lecloux has acted with

deliberate indifference to a serous medical need of Mr. Eaton, in violations of the Eighth Amendment of the U.S. Constitution.

## SECOND CLAIM FOR RELIEF FIRST AMENDMENT VIOLATIONS AGAINST ALL DEFENDANTS

(125)   Mr. Eaton re-alleges and incorporates all relevant paragraphs as though fully set forth herein and is entitled to further claims as follows;

(122)   Mr. Eaton claims that he has been and will continue to be irreparable injured by the conduct of the defendants Stark, Darcy, T. Blewett, Eynon, and Rossi unless this court grants the declaratory and injunctive relief which he seeks, and is entitled to.

(123)   Mr. Eaton claims that the Defendants. T. Blewett, Eynon, and Rossi have regulations in place under the Oregon Administrative Rules, OAR 291-109-0140(5) where ODOC inmates are not permitted to file multiple grievances for a single incident, nor are they permitted to grieve the actions of more than one ODOC employee per grievance form. OAR 291-109-0140(5) provided: "An inmate may not file more than one grievance regarding a single incident or issue." As of 2012, OAR 291-109-0140(3)(g) provided: "An inmate cannot grieve . . . the action or decision of more than one DOC . . . employee, volunteer or contractor on a single grievance form." This rule violates the plaintiff's First Amendment rights the U.S. Constitution denying him the right to petition ODOC for redress of grievance because if he has a continuing concern that deals with a similar incident that is now being grieved ( black mold ) but now different parties have become aware of the issue and have made a choice to deliberately ignore the issue, the plaintiff's petition for redress will get denied under this rule and the plaintiff challenges that this policy alone is retaliatory, and that this policy otherwise violates the plaintiff's rights under the First Amendment.

(124)   Mr. Eaton claims that the Defendants T. Blewett, Eynon, and Rossi have violated the plaintiff's First Amendment Right to redress of grievances, because this rule and the actions of the

defendant's are taking adverse actions against the plaintiff because of the plaintiff's protected conduct, and that this rule is being abused by the defendant's that have constantly chilled the plaintiff's exercise of his First Amendment Rights, and these actions do not reasonably advance a legitimate correctional goal."

(126)    Mr. Eaton claims that the conduct of, Eynon, and Rossi, originally denying the grievance T.R.C.I. 2020-03-148 then accepting it after a period of time, was intentionally done to delay, hinder, stymie, chill, Mr. Eaton's right to access the court for redress of grievances thereby Violating the First Amendment which is A Protected Right, making the grievance process a protected Right.

### THIRD CLAIM FOR RELIEF FOURTEENTH AMENDMENT VIOLATIONS AGAINST ALL DEFENDANTS

(127)    Mr. Eaton re-alleges and incorporates all relevant paragraphs as though fully set forth herein and further claims and is entitled as follows;

(128)    Mr. Eaton claims that the conduct of, Eynon, and Rossi, originally denying the grievance T.R.C.I. 2020-03-148 then accepting it after a period of time, was intentionally done to delay, hinder, stymie, chill, Mr. Eaton's right to access the court for redress of grievances thereby Violating Fourteenth Amendment Protected Rights. Which makes the grievance process a protected Right.

(129)    Mr. Eaton claims that the Defendants T. Blewett, Eynon, and Rossi have violated the plaintiff's Fourteenth Amendment Right. because this rule and the actions of the defendant's do not allow the plaintiff due process which is protected conduct, and that this rule is being abused by the defendant's that have constantly chilled the plaintiff's exercise of his Fourteenth Amendment, and these actions do not reasonably advance a legitimate correctional goal."

(130)    Mr. Eaton claims that the Defendants, T. Blewett, Eynon, and Rossi  have regulations in

place under the Oregon Administrative Rules, OAR 291-109-0140(5) where ODOC inmates are not permitted to file multiple grievances for a single incident, nor are they permitted to grieve the actions of more than one ODOC employee per grievance form. OAR 291-109-0140(5) provided: "An inmate may not file more than one grievance regarding a single incident or issue." As of 2012, OAR 291-109-0140(3)(g) provided: "An inmate cannot grieve . . . the action or decision of more than one DOC . . . employee, volunteer or contractor on a single grievance form." Plaintiff alleges that this rule violates the plaintiff's Fourteenth Amendment rights the U.S. Constitution denying him the right to Due Process again because if he has a continuing concern that deals with a similar incident that is now being grieved ( black mold ) but now different parties have become aware of the issue and have made a choice to deliberately ignore the issue, the plaintiff's petition for redress will get denied under this rule and the plaintiff challenges that this policy alone is retaliatory, and that this policy otherwise violates the plaintiff's rights under the Fourteenth Amendment.

(131)    Mr. Eaton claims that the Defendants interfere(ed) with a recognized liberty or property interest; under the Fourteenth Amendment and the procedures surrounding this alleged interference are not constitutionally sufficient. Plaintiff claims that the Due Process Clause of the Fourteenth Amendment protects liberty interests that arise either under the clause itself or under state law and this policy violates plaintiff's Fourteenth Amendment protects liberty interests.

### ADA CLAIM FOR RELIEF
### AGAINST ALL DEFENDANTS

(132)    Mr. Eaton re-alleges and incorporates all relevant paragraphs as though fully set forth herein and further claims and is entitled as follows;

(133)    Mr. Eaton claims that he is a disabled persons as defined by the A.D.A. And the Rehabilitation Act in that Mr. Eaton has multiple mental impairments, depression, post traumatic stress, and concentrating, respiratory,( COPD and ASTHMA ) performing manual task, walking

and breathing do to Asthma and COPD as well as other documented disabilities, by the defendants conduct as described above and below, they have caused actual injury to Mr. Eaton's respiratory system causing increased damage to Mr. Eaton's disabling disease, that is recognized as a disability by the ADA. Mr. Eaton further claims that Provider Maney was deliberately indifferent to his serious medical needs in violation of Mr. Eaton's eighth amendment rights, to be free from cruel and unusual punishment, and the ADA.

(134)  Me. Eaton has recognized ADA-disabilities, namely COPD, ASTHMA, and these disabilities substantially limits one or more of his daily life activities, such as walking, breathing, working-out, in the prison population is a major life activity, the conduct of the defendants in failing to remove the toxic molds or Mr. Eaton from the unit and or the housing unit showers has caused further damage to Mr. Eaton's respiratory disabilities, as Mr. Eaton has suffered actual assa injuries by the defendants. and the conduct described in this verified complaint, signed under the penalty of perjury.

(135)  Mr. Eaton claims that COPD and Asthma are recognized ADA disabilities, and they entitle him to the protection of the ADA and the VPA.

(136)  Mr. Eaton claims that the defendant T. Blewett, violated the ADA when he failed to remove the toxic molds from the housing unit showers, or failing to remove Mr. Eaton from the housing unit that these showers were on, causing injury to Mr. Eaton's disabilities by and through the violation of Mr. Eaton's absolute Right to be free from cruel and unusual punishment under the Eighth Amendment.

(137)  Mr. Eaton claims that the defendants Stark, Darcy, violated the ADA when he failed to remove the toxic molds from the housing unit showers causing injury to Mr. Eaton's disabilities by and through the violation of Mr. Eaton's absolute Right to be free from cruel and unusual punishment under the Eighth Amendment.

(138)   At all relevant times to this compliant the Defendants, Maney, Stark, Darcy, T. Blewett, Eynon, and Rossi, were acting under color of State law when committing the illegal acts; defendants acting in bad faith violated clearly established laws which reasonable prison officials knew or should have known that by willingly exposing Mr. Eaton to Toxic Black Mold is dangerous to his health and illegal.

(139)   Mr. Eaton claims that title II of the ADA and §504 of the Rehabilitation Act are comprehensive statutes that prohibit discrimination based on disabilities. The prison has a duty to provide Mr. Eaton with appropriate and adequate "services" the prison officials are then required to provide " appropriate and adequate " shower (s) availability without causing a substantial health risk to Mr. Eaton's disabilities. Mr. Eaton's Asthma and COPD are well known ADA disabilities and by the defendants refusing to provide the well known community standard of care, diagnosing and providing treatment and if at all possible removal of the toxic exposure, and, the defendants were repeatedly notified of the exposure and the injuries the exposure was causing, the defendants acted with deliberate indifference to Mr. Eaton's disabilities, the defendants violated the ADA and §504 of the Rehabilitation Act.

(140)   Mr. Eaton claims that the failure to make reasonable accommodations for his disabilities by moving Mr. Eaton off the unit that was contaminated with toxic molds, or removing the toxic exposure from the housing unit in a reasonable amount of time, ( showers are still under construction as of 3-1-21 and exposure is still present ) the defendants violated the ADA and §504 of the Rehabilitation Act.

(141)   Mr. Eaton claims that the showers appearing to be facially neutral, the standard had an unlawful discriminatory effect on Mr. Eaton's disabilities, because the showers were not neutral and caused Mr. Eaton's disabilities to be injured and those injuries continued to get worse because

the defendants failure to act, the defendants violated the ADA and §504 of the Rehabilitation Act.

(142)   Mr. Eaton claims that the Reasonable Accommodation rule requires the defendants to provide " meaningful access " to programs and services that persons with disabilities are otherwise entitled to, Mr. Eaton is entitled to safe showers, and those showers should not cause undo health issues and those dangerous health issues were well known to the defendants yet they fialed to take reasonable messures to prevent further exposure causing further pain and suffering as well as further injuries to Mr. Eaton's respiratory system, ie Mr. Eaton's disabilities,   the defendants violated the ADA and §504 of the Rehabilitation Act.

(143)   Mr. Eaton claims that, Cynthia Lecloux, being Mr. Eaton's Medical Provider, has the ability to test or order the testing of Mr. Eaton for mold exposure that he has regularly complained of while being seen at scheduled appointments, and or order an evaluation to confirm the mold exposure, and in failing to provide the community standard of care, being notified many times, Cynthia Lecloux has acted with deliberate indifference to a serous medical needs of Mr. Eaton's, in violations of the ADA and §504 of the Rehabilitation Act..

(144)   Negligence suggest inadvertence or a mistake, However as the Defendants were repeatedly notified of the problem and the risk of serious harm, as well as the progression of harm and they failed to take necessary action to protect Mr. Eaton's health, they acted with deliberate indifference. Toxic molds are well known to cause the symptoms plus the illness manifested by Mr. Eaton. The defendants were directly told that this was the cause of Mr. Eaton's illness, they did not test for the source, environmentally or in Mr. Eaton's body, they did not act to remove the Mr. Eaton from the toxic exposure, and they did not provide adequate treatment. The standard of care for any U.S citizen ( Community Standard Of Care ) would have been to Diagnose, Treatment, and Elimination of the Toxic Exposure.

# PRAYER FOR RELIEF

**WHEREFORE;** Mr. Eaton is entitled to and prayers that this court grant him all of the following relief:

(a) A declaratary judgment that the defendants Stark, Darcy, T. Blewett, Eynon, Rossi, and Maney acts and omissions described herein violated with deliberate indifference Mr. Eaton's rights under the U.S. Constitution,

(a-1) ) A declaratary judgment that OAR 291-109-0140(5) Violates the First Amendment Right to Redress of Grievance.

( a-2) A declaratary judgment that OAR 291-109-0140(5) Violates the Fourteenth Amendment.

( a-3) A declaratary judgment that the Defendant's, by their actions or inactions, violated the ADA and or the Rehabilitation when they failed to provide adequate, safe, healthy, sanitary showers for the Plaintiff to shower in.

Act.

(b) A preliminary and permanent injunction ordering the Oregon Dept. of Corrections Defendants by and through T. Blewett to properly train or retrain it's officers on the Dept.'s official policies on an Adult in Custody's absolute Right of access to the Courts and the right to the grievance process without any form of obstruction, intimidation, harassment, or retaliation which is Guaranteed by the First and Fourteenth Amendments of the U.S. Constitution.

(c) A preliminary and permanent injunction Ordering T. Blewett, to create a qualified shower clean up and sanitation crew.

(d) An award of compensatory damages to Mr. Eaton in a sum that is just, as determined by a jury.

(e) An award of Economic damages to Mr. Eaton in a sum that is just, as determined by a jury.

(f) An award of Punitive damages to Mr. Eaton in a sum that is just, as determined by a

jury.

(g) Mr. Eaton's cost and fee's in this suit, and;

(h) any additional relief that this court deems just and proper and equitable.

Mr. Eaton has made a demand for jury trial and request a trial on all issues and matters so triable.

DATED THIS 26th DAY OF MARCH 2021.

(Signature)

Print Name:**Aaron Dale Eaton,**
S.I.D. No14997682.
O.D.O.C. - T.R.C.I.
82911 Beach Access Rd.
Umatilla, OR. 97882

## VERIFICATION

I hereby verify that I have read all of the drafted complaint here and I also verify that all matters alleged herein are True and Correct to the best of my knowledge and belief – except as to matters that I have alleged herein that was based on information that i recieved on belief – and as to all of those matters, I believe them to be true.

I further verify under penalty of perjury that all of the foregoing is true to the best of my knowledge and belief.

DATED THIS 26th DAY OF MARCH 2021.        Respectfully,

(Signature)

## CERTIFICATION AND CLOSING

Under Federal Rules of Civil Procedure 11, by signing below I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation: (2)is supported by existing law or by a non frivolous argument for extending, modifying, or reversing existing law: (3) The factual contentions have evidentairy support as if specifically so identified, will likely have evidentairy support after a reasonable opportunity for further investigation or discovery; and (4) The Complaint otherwise complies with rule 11.

DATED THIS 26th DAY OF MARCH 2021.        Respectfully

(Signature)

# DECLARATION
### ( ORCP Rule 1E ) ( 28 USC § 1746 )
### (WHISTLE BLOWER DECLARATION PLEASE PROTECT IDENTITY)

I, Aaron Dale Eaton _____ (PLEASE PROTECT IDENTITY)
AIC at ~~TRCI~~, do declare that:
S.R.C.I.

    I am a first person witness over the age of 18 and am competent to give account of the facts reported within this declaration or I have actual first hand knowledge of the events that I am testifying to by giving this statement and I am under no form of duress and make this declaration on my own free will.

Plaintiff is efiling this 4th Amended Complaint to ensure the defendants Attorney has properly recieved an e-filed copy.

"I HEREBY DECLARE THAT THE ABOVE STATEMENT IS TRUE TO THE BEST OF MY KNOWLEDGE AND BELIEF, AND THAT I UNDERSTAND IT IS MADE FOR USE AS EVIDENCE IN COURT AND IS SUBJECT TO PENALTY FOR PERJURY."

Dated this 25th day of Angst 2021, ~~2020.~~

_____Aaron Dale Eaton_____
(Signature)
Print Name: Aaron Dale Eaton
S.I.D. No. 14897682
~~82911 Beach Access Rd.~~
~~Umatilla, OR  97882~~  ADE

PAGE  1 Of 1 DECLARATION

# CERTIFICATE OF SERVICE

CASE NAME: Aaron Dale Eaton _____ v. Eynon et al. _____

CASE NUMBER: (if known) 2:20-CV-01251-SI

COMES NOW, Aaron Dale Eaton _____, and certifies the following:

That I am incarcerated by the Oregon Department of Corrections at Snake River Correctional Institution.

That on the 25th day of August _____, 20 21, I personally placed in the Correctional Institution's mailing service A TRUE COPY of the following:

4th Amended Complaint With declaration of Aaron Daly Eaton

I placed the above in a securely enclosed, postage prepaid envelope, to the person(s) named at the places addressed below:

_____ E-filed To U.S.D. Court. _____

_____

_____

(Signature)

Print Name Aaron Dale Eaton _____
S.I.D. No.: 14997682.