**Scott G. O'Donnell, OSB #933849**
sodonnell@keatingjones.com
**Trent J. Andreasen, OSB #195026**
tandreasen@keatingjones.com
Keating Jones Hughes PC
200 SW Market St., Suite 900
Portland, OR 97201-5730
Phone: (503) 222-9955
Fax: (503) 796-0699
Of Attorneys for Cynthia LeCloux

# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

# PENDLETON DIVISION

| | |
|---|---|
| AARON DALE EATON,<br><br>      Plaintiff,<br><br>   v.<br><br>Two Rivers Correctional Institution Grievance coordinator Eynon; Two Rivers Correctional Institution Grievance coordinator Rossi; Two Rivers Correctional Institution Physical Plant Manager Stark; Two Rivers Correctional Institution Physical Plant Assist. Manager Darcy; Two Rivers Correctional Institution Superintendent T. Blewett; Two Rivers Correctional Institution Provider Maney; Two Rivers Correctional Institution Provider Cynthia Lecloux; Two Rivers Correctional Institution Officer Willis; Two Rivers Correctional Institution Officer Lemmon; Two Rivers Correctional Institution Lieutenant Robinson,<br><br>      Defendants. | Case No. 2:20-cv-01251-SI<br><br>**DEFENDANT CYNTHIA LeCLOUX'S MOTION FOR SUMMARY JUDGMENT**<br><br>By Cynthia LeCloux |

## LR 7-1(a) CERTIFICATION

  Counsel for defendant Cynthia LeCloux, NP (hereinafter "Ms. LeCloux") certifies that

**DEFENDANT CYNTHIA LeCLOUX'S MOTION FOR SUMMARY JUDGMENT -** Page 1

Doc No. 1788111

KEATING JONES HUGHES P.C.
200 SW Market St., Suite 900
Portland, Oregon 97201-5730
(503) 222-9955

opposing party, plaintiff, is a prisoner and not represented by counsel in this case.

## Motions

Pursuant to Federal Rules of Civil Procedure 56(a), Ms. LeCloux moves this court for an order granting summary judgment in her favor on plaintiff's claims against her.

In support of her motion, Ms. LeCloux relies on the pleadings of record, the Declaration of Cynthia LeCloux, N.P., and the following points and authorities.

## Introduction

Plaintiff Aaron Dale Eaton is an inmate at Two Rivers Correction Institution ("TRCI"). Plaintiff originally filed this lawsuit on July 30, 2020. Dkt #2. Over a year later, on August 25, 2021, plaintiff filed the fourth Amended Complaint, adding Ms. LeCloux as a defendant. Dkt #96.

Plaintiff brings the following claims: violations of his Eighth Amendment rights, violations of his First Amendment rights, violations of his Fourteenth Amendment rights, and violations of the American's with Disabilities Act. Fourth Amended Complaint p. 2. These claims arise out of allegations related to alleged exposure to mold. *Id*.

Plaintiff's claims against Ms. LeCloux are his first claim for relief, the Eighth Amendment violations, and his fourth claim for relief the violations of the ADA.[1] *Id.* at p. 18-21 and p. 23-26. Plaintiff alleges that Ms. LeCloux was one of his medical providers at all times relevant to the action. *Id*. at p. 3. He further alleges that she had the ability to order tests for his exposure to black mold, and that she failed to do so. *Id*. at p. 20. He alleges that this failure to have him tested for exposure to black mold violated the eighth amendment and the ADA.

---

[1] Plaintiff's second claim for relief asserts that his 1st Amendment rights were violated. He asserts in the heading that it is against all defendants but does not make any specific allegations as to how Ms. LeCloux violated his 1st Amendment rights. Similarly, Plaintiff's third claim for relief asserts that his 14th Amendment rights were violated. He asserts in the heading that it is against all defendants but does not make any specific allegations as to how Ms. LeCloux violated his 14th Amendment rights. To the extent the Court construes plaintiff's second or third claim for relief against Ms. LeCloux, Ms. LeCloux is entitled to summary judgment because plaintiff has failed to state a claim against her for either claim.

DEFENDANT CYNTHIA LeCLOUX'S MOTION FOR SUMMARY JUDGMENT - Page 2

Doc No. 1788111

KEATING JONES HUGHES P.C.
200 SW Market St., Suite 900
Portland, Oregon 97201-5730
(503) 222-9955

I.   **Summary Judgment Standard**

Fed. R. Civ. P. 56 provides for summary judgment when the court determines, after viewing the evidence in a light most favorable to the party opposing the motion, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Berg v. Kincheloe*, 794 F.2d 457, 459 (9th Cir. 1986) (*citing Swayze v. U.S.*, 785 F.2d 715, 717 (9th Cir. 1986)).  The party opposing the summary judgment motion may not rest on conclusory allegations but must demonstrate through probative evidence that a genuine issue of fact exists for trial.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).  A scintilla of evidence, or evidence that is merely colorable or not significantly probative, does not present a genuine issue of material fact.  *United Steelworkers of Am. v. Phelps Dodge Corp.*, 865 F.2d 1539, 1542 (9th Cir. 1989).  Summary judgment should be granted where the evidence is such that it "'would require a directed verdict for the moving party.'"  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251, 106 S.Ct 2505, 91 L.Ed.2d 202 (1986) (*quoting Sartor v. Ark. Gas Corp.*, 321 U.S. 620, 624, 64 S.Ct 724, 88 L.Ed 967 (1944)).  The underlying substantive law governing the claims determines whether or not it is material.  *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1134 (2000).

The moving party – Ms. LeCloux here – has the initial burden of pointing out the lack of any genuine issue of material fact, after which the non-moving party, to avoid summary judgment, must produce evidence sufficient to meet a burden of production on any issue on which he would bear the ultimate burden of persuasion at trial.  *Celotex Corp. v. Catrett*, 477 U.S. at 322-26 (setting out federal summary judgment framework).  The burden is on plaintiff to come forward with evidence demonstrating the existence of a material fact for trial.

II.   **Motion 1: Dismiss the 8th Amendment Claim**

   a.   *Deliberate Indifference Standard.*

Plaintiff brings his first claim for relief for violations of the 8th Amendment through 42 U.S.C. §1983.  In a case against a correction healthcare provider, the standard for liability under

**DEFENDANT CYNTHIA LeCLOUX'S MOTION FOR SUMMARY JUDGMENT -** Page 3

Doc No. 1788111

KEATING JONES HUGHES P.C.
200 SW Market St., Suite 900
Portland, Oregon 97201-5730
(503) 222-9955

§1983 is deliberate indifference. *Redman v. County of San Diego*, 942 F.2d 1435, 1441 (9th Cir. 1991). Prison officials must act with deliberate indifference towards a prisoner's serious medical need to be found in violation of the proscription of cruel and unusual punishment, which protects prisoners from the "unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).

The requirement of conduct that amounts to "deliberate indifference" provides an appropriate balance of prisoner's rights not to be punished, with the deference given to prison officials to manage prisons. *Redman*, 942 F.2d at 1440, n.7, 1443 (holding that "deliberate indifference" is the level of culpability pretrial detainees must establish for a violation of their personal security interest under the Fourteenth Amendment); *see also Whitley v. Albers*, 475 U.S. 312, 320, 106 S. Ct. 1078 (1986) (deliberate indifference standard is appropriately applied to medical needs of prisoners).

Courts have described deliberate indifference as "a high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). Deliberate indifference is not established by the presence of a medical need alone. Rather, deliberate indifference requires a plaintiff to show (a) a purposeful act or purposeful failure to respond to a prisoner's pain or serious medical need, and (b) harm caused by the indifference. *Jett v. Penner*, 439 F.3d at 1096. Thus, a plaintiff must allege facts which support an inference of awareness of a serious medical need and show that the defendant actually drew the inference. *Farmer v. Brennan*, 511 U.S. 825, 837, 114 S. Ct. 1970 (1994).

Even gross negligence does not constitute deliberate indifference. *Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990). An inadvertent failure to provide adequate medical care is not deliberate indifference. *Estelle,* 429 U.S. at 105-106. In instances where prison officials know of a substantial risk, they are free from liability if they respond reasonably to the risk, even if the harm is not averted. *Farmer v. Brennan*, 511 U.S. 825, 844, 114 S. Ct. 1970 (1994). Mere delay of treatment, without more, is insufficient to establish deliberate medical indifference.

**DEFENDANT CYNTHIA LeCLOUX'S MOTION FOR SUMMARY JUDGMENT -** Page 4

Doc No. 1788111

KEATING JONES HUGHES P.C.
200 SW Market St., Suite 900
Portland, Oregon 97201-5730
(503) 222-9955

*Shapley v. Nevada Board of State Prison Commissioners*, 766 F.2d 404, 407 (9th Cir. 1985) (Plaintiff would need to show the delay caused him harm).

      b.  *Ms. LeCloux's Care was not Deliberately Indifferent.*

As an initial point, plaintiff alleges that Ms. LeCloux was his medical provider at all times relevant to this action. Fourth Amended Complaint p. 3. Ms. LeCloux was at TRCI from August 25, 2020 to November 25, 2020 and again from January 11, 2021 to March 19, 2021. Decl. LeCloux ¶2. Thus, when plaintiff filed the original Complaint in this action, on July 30, 2020, he had never been seen by Ms. LeCloux, and the allegation that she was his provider at all times relevant to this action is incorrect.

Ms. LeCloux did treat plaintiff during her limited time at TRCI, and her care was appropriate. For example, Ms. LeCloux saw plaintiff at a regularly scheduled Asthma and COPD visit on September 23, 2020. *Id*. at ¶3. At that appointment plaintiff informed Ms. LeCloux that the showers were being "worked on." *Id.* at ¶4. Ms. LeCloux evaluated plaintiff, performing a peak flow test, which despite a noted poor effort, was improved from previous peak flow tests. *Id*. at ¶3. Further, she continued plaintiff on his Short-Acting Beta Agonist inhaler for his asthma. *Id*. She performed an exam, and the findings were unremarkable. *Id*. Regardless, due to plaintiff's complaints that he was having trouble breathing, he was instructed to follow up in four weeks, instead of the typical four months. *Id*. at ¶4.

Plaintiff returned to see Ms. LeCloux on October 25, 2020. She again performed an exam the findings of which were unremarkable. *Id*. at ¶5. Additionally, she ordered a pulmonary function test to better assess plaintiff's lung function. *Id*. Ms. LeCloux also ordered a trial of a Long-Acting Beta Agonist inhaler to treat his asthma and COPD. *Id*. The care provided by Ms. LeCloux was not deliberately indifferent.

Ultimately, Ms. LeCloux was not deliberately indifferent to a serious medical need of plaintiff. When plaintiff presented to her for his asthma and COPD appointment, she tested his lung capacity, instructed a four week follow up, continued plaintiff on one type of inhaler, and

**DEFENDANT CYNTHIA LeCLOUX'S MOTION FOR SUMMARY JUDGMENT -** Page 5

Doc No. 1788111

KEATING JONES HUGHES P.C.
200 SW Market St., Suite 900
Portland, Oregon 97201-5730
(503) 222-9955

proscribed plaintiff a second type of inhaler. Her time at TRCI was limited, and she was not able to follow plaintiff's course to a resolution. *Id.* at ¶6. However, the care she provided plaintiff was not deliberately indifferent, and Ms. LeCloux is entitled to judgment as a matter of law on plaintiff's 8th Amendment Claim against her.

### III.    Motion 2: Dismiss the ADA Claim.

Plaintiff's fourth claim for relief is for violations of the ADA. To be successful on this claim, he will need to show: "1) he is a 'qualified individual with a disability'; 2) he was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and 3) such exclusion, denial of benefits, or discrimination was by reason of his disability." *Updike v. Multnomah County*, 870 F.3d 939, 949 (9th Cir. 2017) (*quoting Duvall v. County of Kitsap*, 260 F.3d 1124, 1135 (9th Cir. 2001), *as am. on denial of reh'g en banc* (Oct. 11, 2001).

Importantly, ADA is not designed to provide a plaintiff with redress for inadequate medical treatment. *Simmons v. Navajo Cty.*, Ariz., 609 F.3d 1011, 1022 (9th Cir. 2010). A plaintiff's disagreement with medical judgment is more appropriate for a medical malpractice claim, not the ADA. *Kiman v. New Hampshire Dept. of Correction*, 451 F.3d 274, 285 (5th Cir. 2006) *citing Lesley v. Hee Man Chie*, 250 F.3d 47, 58 (5th Cir. 2001); *see also Bryan v. Madigan*, 84 F.3d 246, 249 (7th Cir. 1996) (holding that a prison does not violate the ADA by "simply failing to attend to the medical needs of its disabled prisoners" because the "ADA does not create a remedy for medical malpractice").

Plaintiff alleges that Ms. LeCloux was deliberately indifferent in violation of the ADA by not ordering a test for mold exposure. Fourth Amended Complaint ¶143. Plaintiff asserts that he should have been diagnosed, treated, and the toxic exposure should have been eliminated. Fourth Amended Complaint ¶144.

Those claims do not meet the requirements of an ADA claim, and indeed sound more akin to a medical malpractice claim. For that reason alone, Ms. LeCloux is entitled to summary

**DEFENDANT CYNTHIA LeCLOUX'S MOTION FOR SUMMARY JUDGMENT -** Page 6

Doc No. 1788111

KEATING JONES HUGHES P.C.
200 SW Market St., Suite 900
Portland, Oregon 97201-5730
(503) 222-9955

judgment on plaintiff's ADA Claim against her.

If the Court is inclined to consider plaintiff's allegations, his ADA Claim against Ms. LeCloux still fails. As outlined in Motion 1, Ms. LeCloux appropriately treated plaintiff when she saw him for his complaints of breathing difficulty at his asthma and COPD appointments.[2] Her care was not deliberately indifferent. Ms. LeCloux is entitled to Summary Judgment on plaintiff's ADA claim.

## Conclusion

For the foregoing reasons, defendant Cynthia LeCloux, NP, is entitled to judgment as a matter of law on the claims stated against her.

DATED this 24th day of January, 2022.

KEATING JONES HUGHES, P.C.

*/s/ Trent Andreasen*
Trent J. Andreasen, OSB No. 195026
tandreasen@keatingjones.com, FAX 503-796-0699
Of Attorneys for Cynthia LeCloux

Trial Attorney: Scott G. O'Donnell, OSB No. 933849

---

[2] Ms. LeCloux tested plaintiff's lung capacity, instructed him to follow up in 4 weeks, continued a Short-Acting Beta Agonist inhaler, and prescribed a trial of a Long-Acting Beta Agonist inhaler.

**DEFENDANT CYNTHIA LeCLOUX'S MOTION FOR SUMMARY JUDGMENT -** Page 7

Doc No. 1788111

KEATING JONES HUGHES P.C.
200 SW Market St., Suite 900
Portland, Oregon 97201-5730
(503) 222-9955

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing **DEFENDANT CYNTHIA LeCLOUX'S MOTION FOR SUMMARY JUDGMENT** on the following:

Aaron Dale Eaton
Snake River Correctional Institution
Prisoner No. 14997682
777 Stanton Blvd
Ontario, OR 97914-8335
Email: SRCI_EFiling@doc.state.or.us
Pro Se

Vanessa A. Nordyke
Oregon Department of Justice
1162 Court St NE
Salem OR  97301
Phone: (503) 947-4700
Fax: (503) 947-4792
Email: vanessa.a.nordyke@doj.state.or.us
Of Attorneys for Two Rivers Correctional Institution Defendants

by electronically mailed notice from the court to above said attorneys on said day.

DATED this 24th day of January, 2022.

        KEATING JONES HUGHES, P.C.

        */s/ Trent Andreasen*
        Trent J. Andreasen, OSB No. 195026
        tandreasen@keatingjones.com, FAX 503-796-0699
        Of Attorneys for Cynthia LeCloux

        Trial Attorney:  Scott G. O'Donnell, OSB No. 933849

**CERTIFICATE OF SERVICE -** Page 8

Doc No. 1788111

KEATING JONES HUGHES P.C.
200 SW Market St., Suite 900
Portland, Oregon 97201-5730
(503) 222-9955