IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

AARON DALE EATON,                           CASE NO.2:20-cv-01251-SI
    PLAINTIFF

V

Two Rivers Correctional Institution         PLAINTIFF'S RESPONSE TO
Grievance coordinator Eynon; et. al.    DEFENDANT'S SUMMARY JUDGMENT
IN THEIR INDIVIDUAL AND OFFICIAL              FOR LECLOUX
CAPACITIES AS APPROPRIATE,
        DEFENDANTS.

### GREATINGS TO THE COURT AND TO THE HONORABLE JUDGE

Plaintiff, Pro- se, responds to the defendant's motion. Their motion is without merit and should be dismissed. This response is based upon the following exhibits, attachments, declarations, admissions made by the defendant, and eye witnesses to the issues at hand, the contents in the court's file in this matter and all proceeding pleadings, along with the plaintiff's verified complaint, and Dr. White's expert declaration. This response is verified under the penalty of perjury.

# INTRODUCTION

Defendant's have moved this court for summary judgment. Defendant's will attempt to show that plaintiff failed to state a claim under the Eighth Amendment and the ADA. Plaintiff will now lay out the unacknowledged actions that defendant Lecloux chose not to take creating the Eighth Amendment violation(s) and Plaintiff will provide this court his reasoning's as to why the defendant should be held to an ADA violation as well. Defendant has moved this court, so the plaintiff must now produce evidence to show plaintiff could prevail at a trial, all evidence must be viewed in the light most favorable to the plaintiff.

### A. Summary Judgment

To prevail on a motion for Summary judgment, the parties must show there is no genuine

dispute as to any material fact and they are entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Albino v. Baca, 747 f.3d 1162, 1166 (9ᵗʰ Cir. 2014) " If undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under rule 56." the Court must Construe the evidence and draw all reasonable inferences in light most favorable to the non-moving party. Torres v. City of Madera, 648 F.3d 1119, 1123 (9ᵗʰ Cir. 2011).

The plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party will bear the burden of proof at trial. Celotex Corporation v. Catrett, 477 U.S. 317, 106 S.C.t 2548, 91 L.Ed.2d 265(1986).

The burden of persuasion imposed on a moving party by Rule 56 is a stringent one. ^ moore 56.15[3], pp. 56-466;10A Write, Miller and Kane § 2727, p. 124. Summary Judgment should not be granted unless it is clear that a trial is unnecessary, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255,106 S.Ct. 2505---, 91 L.Ed.2d 202 (1986). And any doubt as to the existence of a genuine issue for trial should be resolved against the moving party, Adickes v. S.H. Kress & Co.,398 U.S. 144, 158-159,90 S.Ct. 1598, 1608-09, 26 L.Ed.2d 142 (1970).

In determining whether a moving party has met its burden of persuasion, the court is obligated to take account of the entire setting of the case and must consider all papers of record as well as any material prepared for this motion. 10A Write, Miller and Kane § 2727, p. 44; see, e.g., Stepanischen v. Merchants Despatch Transportation Corp., 722 F.2d 922,930 (CA 1 1983 ); Higgenbotham v. Oscher Foundation Hospital, 607 F.2d 653, 656 ( CA 5 1979).

As explained by the Court of Appeals for the third circuit in re Japanese Electronic Products Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986), "[i]f... there is any evidence in the record from any source from which a reasonable inference in the [ non-moving  part's ] favor may be drawn, the moving party simply cannot obtain a summary judgment...."

723 F2d, 258.

Once the moving party has attacked whatever evidence—if any—the non-moving party purports to rely upon, the burden of production shifts to the non-moving party, who must either (1) rehabilitate the evidence attacked in the moving party's papers, (2) produce additional evidence showing why further discovery is necessary as provided in Rule 56(f). 10A Write, Miller and Kane § 2727, p. 138-143.

Summary judgment should be granted if the non-moving party fails to respond in one or more of these ways, or if, after the non-moving party responds, the court determines that the moving party has met its ultimate burden of persuading the court that there is no genuine issue of material fact for trial. See, e.g., First National Bank of Arizona v. Cities Service Co., 391 U.S. 253, 289, 88 S.Ct. 1575 1592, 20 L.Ed.2d 569 (1968).

Where the non-moving party in a summery judgment motion is a pro-se litigant, the court must consider as evidence in opposition to summery judgment all of the non-moving parties contentions set forth in a verified complaint or motion; Plaintiff's complaint is verified and there will be a verification attached to this for the motions set forth in this opposition/motion. A verified complaint is to be treated as an affidavit for summery judgment purposes, Schroader v. McDonald, 55 F.3d 454 (9th Cir. 1995) all the statements made in the verified complaint are made from personal knowledge Hexcel Corp. v. Ineos Polymers, Inc., 681 F.3d 1055 ( 9th Cir. 2012).

When a non-moving party relies on his own affidavit to oppose a summery judgment motion, the affidavit may not be concessionary or unsupported by factual data.

But plaintiff contends that there are genuine issues of material fact for trial as outlined in his verified complaint and now the court is obligated to take account of the entire setting of this case. This court must consider all papers of record as well as any materials prepared for the motion.

## Plaintiff's Eighth Amendment argument

Defendant Lecloux had the requisite knowledge of the substantial risk of harm by her own admission,(see defendant Lecloux's declaration para. 4.) plaintiff personally informed the defendant on scheduled visits, ( see verified complaint para. (109)) At times relevant to this action, Cynthia Lecloux was  Mr. Eaton's Medical Provider, and had the ability to test Mr. Eaton for the mold exposure that he has regularly complained of while being seen at scheduled appointments,) the idea that those visits were only for plaintiff's asthma and or COPD is a frivolous argument as defendant admits to the fact that plaintiff did inform defendant yet defendant chose to treat asthma and COPD while not even taking steps to diagnose plaintiff for environmental mold exposure. (see exhibit attachments and 4th Amended Verified Complaint with original documents filed, this court is asked to take all documents that was and has been supplied to this court and incorporate them into this response for opposition to summary judgment. And declaration of Aaron Eaton 3-1-22, "...took no steps to diagnose me for exposure to molds" )

Defendants move to dismiss provider Lecloux, alleging that the plaintiff fails to show deliberate indifference to a serious medical need.  This allegation is entirely misleading and is completely without merit and is a frivolous pleading. Lecloux is one of the health care providers at TRCI who have overseen the plaintiff's medical needs. Plaintiff made the appropriate complaints to TRCI medical. **( Pg. 4 para. 21 and  Pg. 5 para. 25,30 and  Pg. 17 Para. 103 and Pg. 18 para. 109 verified complaint and defendant's own declaration para. 4. )** Plaintiff communicated very clearly to Lecloux by her own admissions, all the symptoms plaintiff was suffering from.**( see defendant Lecloux's motion for summary judgment and Plaintiff's verified complaint Pg. 5 para. 30 and  Pg. 16 Para. 98, 99 and Pg. 18 para. 109 )** Plaintiff was seen by Lecloux on many subsequent medical appointments and was prescribed breathing enhancers, **( Pg.16 para. 98,99 and Pg. 18 para. 109, verified complaint and declaration of Aaron Eaton 3-10-22 'prescription with  Lecloux as provider' "Provider Lecloux**

**prescribed me inhalers for my asthma...” and defendant's own declaration para. 5.)** and plaintiff continued to make the same complaints ( **Pg.(s) 3 through 18, Statement of Facts and Factual Allegations verified complaint and defendant's own declaration para. 4. 5. and 3.)** which should have been sufficient to alert authorities of the mold problem ( **declaration of Doctor Michael C. White #4** ) Plaintiff was not receiving the medical care that would be the community standard of care ( **declaration of Doctor Michael C. White #5** )

Plaintiff was suffering an onslaught of serious medical symptoms that a “ band aid on a bullet hole” Albuterol inhaler was not going to fix, fact is plaintiff just saw the provider here at Snake river Correctional Inst. And was plainly told that the treatment plaintiff was receiving was not for COPD and in fact could cause further harm to his respiratory system, this statement was made by Dr. Gulick with in the last week. (see declaration Aaron Dale Eaton dated 2-16-22 the entire declaration ) There are standard steps that any U.S doctor would take if they had been the provider for any person complaining of toxic mold exposure. ( **declaration of Doctor Michael C. White #5** )

Fact is Dr. Gulick heard plaintiff's complaints and ordered a P.F.T.(pulmonary function test) which has showed further damage to plaintiff's lungs, (that could have been avoided) just like the previous test did the difference is this time actions are ordered (see declaration declaration Aaron Dale Eaton dated 2-16-22 “...Dr. Gulick also ordered “imaging” of plaintiff's lungs...” which was just now taken on 2-23-22.)

Plaintiff has asked for these records in a production request on 2-23-22, but has not been provided these as defendant's take so long to respond to any request made by plaintiff, and if the past is any indicator of what is to come plaintiff will need to file a motion to compel in order to get these documents which will be to late for this summary judgment response. (see Exhibits of denial to produce, a motion to compel is forthcoming.)

Whether defendant Lecloux acted with deliberate indifference in the treatment requires both an objective and subjective Component.

A. The Eighth Amendment protects an inmate from being held in conditions that cause current and future harm. Helling v. Mckinney, US 25,33(1993). Here plaintiff has suffered further harms as his asthma is now being considered as COPD and Emphysema by Dr. Gulick who has ordered additional pulmonary test and imaging of plaintiff's lungs due to the further damage done to plaintiff's breathing abilities.( see declaration of Aaron Eaton dated 2-16-22 ) There could be future harms as well,(see Dr. White's declaration "...irreparable organ damage...")

Defendant  Lecloux could have moved plaintiff with the easy actions of a medical move or even to let plaintiff use the shower down in the medical dept.(see declaration of Aaron Dale Eaton 3-15-22 "...Lecloux could have moved me, set appointment with doctor...") yet chose not to, even after plaintiff informed defendant, by her own admission. Medical does housing unit moves, or medical showers all the time, for medical needs and because plaintiff informed the defendant and she took no action concerning the exposure to molds, when she could have, that is deliberate indifference,  because those actions could have stopped further damage to plaintiff's ability to properly breath, and the actions could have helped to prevent future harms to plaintiff's health, like irreparable organ damage.

To prevail under the Eighth Amendment, plaintiff must show "deliberate indifference to a serious medical need," Estelle v. Gamble, 429 US 97, 106 (1976). Defendant  Lecloux chose not to act in simple ways (see declaration of Aaron Dale Eaton 3-15-22) that could have helped prevented the further injuries from happening.

The deprivation suffered must be sufficiently serious, and prison officials were " deliberately indifferent" to the deprivation. Farmer v. Brennon, 511US 825, 834 (1994). Here the deprivation of proper oxygen to the lungs for even short times when the defendant could have prevented the deprivation is cruel and unusual, not to mention that plaintiff could also suffer future harms like irreparable organ damage.  (see Dr. White's declaration #7 "...Ignoring environmental mold exposure places individuals in further danger for more serious health issues..." and #5"...irreparable organ damage...")

Whether illness or injury demonstrates sufficient harm is vied through an objected lens. Helling v. Mckinney, US 25,36 (1993). Here the objectiveness is easily seen as the defendant admits to the fact that plaintiff informed her and she took no measures to abate the exposure to molds, those measures were plainly within her authority. Objective findings are those findings which cannot come under the voluntary control of the patient. Rippe v. Logging, 100 Ark. App. 227, 232, 266 S.W.3d 217, 221 (Ark. Ct. App. 2007) (Baker, J.). Plaintiff could not move or allow himself to use the showers in medical, nor could plaintiff diagnose and treat himself.

Officials act with deliberate indifference when they: (1) have subjective knowledge of the risk or those risk are "obvious," Lecloux has admitted to knowing that plaintiff complained of exposure to environmental molds and that the exposure was linked to his breathing abilities. and (2) fail to take reasonable action to abate those risk. Lecloux's "reasonable action" could have been to moved plaintiff, ordered imaging, order blood work, request that a doctor see plaintiff, but she chose, not to take any of these actions, that could have helped to eliminate the exposure to the molds, or help to prevent future harms. Lemire v. Cal. Dept. Of Corrections & Rehab., 726 F3d 1062, 1078 (9th cir. 2013) ( quoting Farmer 511 US 842); Delgado v. Barns, 465 F. App' x 712-713 (9th cir. 2012). Even if an official has a strong suspicion that a risk exists- they may not ignore that suspicion or refuse to verify relevant facts. Instead- they must investigate the matter and fugue out whether a substantial risk of serious harm really exists. Farmer v. Brennon, 511 US 825, 834 (1994). Here plaintiff informed the defendant and she admits to this. Defendant has admitted to subjective knowledge which makes it "obvious," the defendant failed to take reasonable action to abate those risk, by not using her medical powers to move plaintiff, or to order imaging of plaintiff's lungs, or request that a doctor look at plaintiff, which could have helped to diagnose plaintiff and stopped any further harms from happening.

Lecloux stated that she inquired about the mold (see Defendant Lecloux's written deposition #4) and was informed of it, then was told that the institution was taking actions to fix the mold exposure, at this time Lecloux should have moved plaintiff to a non-threatening environment, or allowed plaintiff to

use the showers in medical, or ordered imaging or blood work. Lemire v. Cal. Dept. Of Corrections & Rehab., 726 F3d 1062, 1078 (9th cir. 2013) ( quoting Farmer 511 US 842); Delgado v. Barns, 465 F. App' x 712-713 (9th cir. 2012).

   The Farmer standard is not designed to give officials the motivation to "take refuge" in the zone between ignorance and actual knowledge when it is obvious that they are being deliberately indifferent. Notice that defendant is not relying on the medical charts, that is because those charts show that plaintiff has medical issues (see attached medical records to plaintiff's first response to defendant's motion for summary judgment in doc.121 dated 10-28-21)  that the defendant could have taken actions to prevent.    Another point is, the only reason plaintiff was seen for the asthma and COPD was because the plaintiff was complaining of the mold exposure causing breathing issues, to note "breathing issues"  helps to substantiate the issues plaintiff was complaining of, mold exposure.

   Now in the motion for summary judgment Lecloux states, Plaintiff was seen on 9-23-2020, and 10-25-2020 there was more times but let us focus on those, on the 9-23 visit plaintiff told Lecloux that there was molds on the unit and it was effecting his breathing,(see response to question #3 of Lecloux's written deposition "I recall plaintiff saying something about mold in the showers...")  Lecloux took steps  to confirm the molds (see response to question #4 Lecloux written Deposition, "I recall inquiring about mold in the showers...") at the point Lecloux verified that there was mold in the unit showers, she then should have taken action to move plaintiff, schedule a doctor to see plaintiff,  or at least start the process to diagnose plaintiff for the exposure to environmental molds yet chose to hide in the " zone between ignorance and actual knowledge" that is mentioned in Farmer which providers are to stay away from.

   Lecloux confirmed the mold in the showers, then takes no actions to move plaintiff or to allow the plaintiff to use the medical showers or to diagnose plaintiff, including a request to have plaintiff be seen by a doctor, unless the defendant is saying she is just as qualified as a doctor? That of course is a question of fact for a jury.

Also the fact that Lecloux states that she prescribed plaintiff "long acting beta agonist inhaler to treat his asthma and copd" ( see Declaration of Lecloux para.5"...I also ordered a trial of a long acting Beta Agonist Inhaler for treatment of his asthma/COPD.") show's this court that she did in-fact thinks there was a medical issue with plaintiff's lungs and, his breathing was not correct, or she just needlessly prescribes medications to individuals, but this is a question of fact that is subject to be brought to a jury.

ADA-DISABILITIES ARGUMENT

The defendant moves to dismiss the ADA claim, the defendant is saying that plaintiff is using the ADA as redress for medical treatment, this simply is not the case, plaintiff is saying that the defendant could have taken actions that plaintiff was not able to without the defendant's authority, that being a simple move off the unit, that was infested with the molds. The move would have been a remedy that was needed yet not a prescription for drugs. Defendant Lecloux could have abated this issue and chose not to take any actions within her authority, including but not limited to a physical move, or the use of medical showers.

Now §35 (see§35.101—190 attached) facilities must provide "usable" facilities for ADA persons. Because defendant Lecloux verified the mold and had the authority to move, or allow plaintiff to shower in a safe mold free environment, defendant opens herself up to an ADA claim.

All employees including medical staff have a duty to provide all AIC's safe facilities to use, Lecloux being one that first verified the molds existence and having the authority to allow the use of medical showers and or a move, defendant Lecloux could have modified the environment in which plaintiff was forced to use. These actions could have made plaintiff's environment ADA accessible.

Defendant also says plaintiff was appropriately treated, yet by even Dr. Gulick's statement made to plaintiff (see declaration Aaron Dale Eaton 2-16-22) this is not true.( also see declaration of Dr. white) Defendant could have ordered imaging, blood tests, outside consultant, in-house doctor, showers in medical, a move to another unit all this could have been completed by Lecloux yet plaintiff has had to wait till he got to a new institution to even start to diagnose the issue of not breathing properly, due

to the exposure. (see Dr. White's declaration)

PLAINTIFF'S CLOSING ARGUMENT

Providers in the institutional settings have routinely ordered multiple test to diagnose patients, yet defendant Lecloux did not order tests to correspond with the inhalers she prescribed even though she knew that there was more issues going on then just asthma, fact she did not look to closely at plaintiff's chart or she would have prescribed plaintiff some kind of treatment for his COPD and if she would have taken some kind of action to diagnose plaintiff and treat plaintiff then plaintiff might be able to breath today, but that is not the case. Dr. Gulick is just now able to start the process that should have been started under defendant Lecloux's watch at TRCI.

Defendant Lecloux is a nurse, not a doctor, Defendant should have referred plaintiff to a doctor at the very least, unless Lecloux is saying she has just as much qualifications as Dr. White does, but again this would be a question of fact for a jury.

Plaintiff also points out that deliberate indifference boils down to, **(ONE)** that the defendant knew of a medical need, this the defendant admitted to this court, when she said that plaintiff informed her of the mold exposure, any community doctor would have taken steps with the information at hand **(TWO)** no action being taken to diagnose and treat the plaintiff, this the defendant admits to as well when she tells this court that she treated plaintiff for asthma, yet took no steps to diagnose, treat or to even start the process for the mold exposure that plaintiff complained of.

Let me pose a couple of questions that a jury should have the opportunity to decide:

ONE, Is mold exposure a serious medical need when that individual is being treated for COPD and other respiratory issues and that exposure could be the cause of that individuals breathing issues?

TWO. How long should an individual be deprived of the ability to proper breath after telling the medical dept. on visits that his breathing is not good and the current medication is not helping?

THREE, How many times does an "Adult In Custody" have to notify medical that his breathing is not good before it is deliberate indifference?

FOUR, Is breathing molds in to the lungs from a shower, a serious medical issue that rises to a serious medical need for an individual diagnosed with respiratory issues?

FIVE, Is the lack of action by defendant Lecloux more then negligence?

For the above reasons plaintiff says there is material issues of facts and this defendant is ripe for being held accountable in this court of law.

Dated, this16th day of March, 2022

AARON DALE EATON

**I, Aaron Dale Eaton, duly sworn, do declare to be true and the best of my belief and knowledge under penalty of perjury and is meant to be used in open court to oppose defendant's summary judgment motion and all other prior materials submitted are true and correct and are being requested to be used in this response as well;  I am over the age of twenty-one (21) and have personal knowledge of the matters stated herein; I have resided here in the care and custody of O.D.O.C. Since: 2017.**