**Scott G. O'Donnell, OSB #933849**
sodonnell@keatingjones.com
**Trent J. Andreasen, OSB #195026**
tandreasen@keatingjones.com
Keating Jones Hughes PC
200 SW Market St., Suite 900
Portland, OR 97201-5730
Phone: (503) 222-9955
Fax: (503) 796-0699
Of Attorneys for Cynthia LeCloux

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PENDLETON DIVISION

| | |
|---|---|
| AARON DALE EATON, | Case No. 2:20-cv-01251-SI |
| Plaintiff, | **DEFENDANT CYNTHIA LECLOUX'S REPLY IN SUPPORT OF HER MOTION FOR SUMMARY JUDGMENT** |
| v. | By Cynthia LeCloux |
| Two Rivers Correctional Institution Grievance coordinator Eynon; Two Rivers Correctional Institution Grievance coordinator Rossi; Two Rivers Correctional Institution Physical Plant Manager Stark; Two Rivers Correctional Institution Physical Plant Assist. Manager Darcy; Two Rivers Correctional Institution Superintendent T. Blewett; Two Rivers Correctional Institution Provider Maney; Two Rivers Correctional Institution Provider Cynthia Lecloux; Two Rivers Correctional Institution Officer Willis; Two Rivers Correctional Institution Officer Lemmon; Two Rivers Correctional Institution Lieutenant Robinson, | |
| Defendants. | |

**Reply**

Defendant Cynthia LeCloux, F.N.P. ("Ms. LeCloux") filed a Motion for Summary

**DEFENDANT CYNTHIA LECLOUX'S REPLY IN SUPPORT OF HER MOTION FOR SUMMARY JUDGMENT** - Page 1

Doc No. 1866964

KEATING JONES HUGHES P.C.
200 SW Market St., Suite 900
Portland, Oregon 97201-5730
(503) 222-9955

Judgment on January 24, 2022, against the two claims brought against her by plaintiff in his Fourth Amended Complaint. Plaintiff's Response, filed on March 16, 2022, fails to create a question of fact as to either claim. Thus, Ms. LeCloux is entitled to summary judgment.

## Argument

**Motion 1: 8th Amendment Claim**

Ms. LeCloux's first motion seeks judgment in her favor on plaintiff's 8th Amendment claim, which alleges she was deliberately indifferent to a serious medical need of plaintiff during her time providing care at Two Rivers Correctional Institution ("TRCI"). As explained more fully below, plaintiff's Response does not supply evidence which creates an issue of material fact as to whether Ms. LeCloux violated the high standard of deliberate indifference. Consequently, Ms. LeCloux is entitled to summary judgment.

a. *Deliberate Indifference Standard*

The deliberate indifference standard, which is the standard for liability in §1983 claims against correctional healthcare providers, is a high standard for a plaintiff to meet. *Redman v. County of San Diego*, 942 F.2d 1435, 1441 (9th Cir. 1991). A simple difference in medical opinion does not establish deliberate indifference. *Toguchi v. Chung*, 391 F3d 1051, 1058 (9th Cir. 2004). It requires a showing of two things by plaintiff: 1) a purposeful act or purposeful failure to respond to a prisoner's pain or serious medical need; and 2) harm caused by the indifference. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). Notably, the inadvertent failure to provide adequate medical care is not deliberate indifference. *Estelle v. Gamble*, 429 U.S. 97, 105-106, (1976). Indeed, gross negligence is not enough to establish deliberate indifference. *Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990). Prison officials act with deliberate indifference to serious medical needs when they "'deny, delay or intentionally interfere with medical treatment.'" *Id*. (*quoting Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988)).

**DEFENDANT CYNTHIA LECLOUX'S REPLY IN SUPPORT OF HER MOTION FOR SUMMARY JUDGMENT** - Page 2

Doc No. 1866964

KEATING JONES HUGHES P.C.
200 SW Market St., Suite 900
Portland, Oregon 97201-5730
(503) 222-9955

### b. Dr. White's Declaration is Insufficient to Create a Question of Fact.

Plaintiff's Response relies heavily on the declaration of Michael C. White, MD ("Dr. White") to create issue of fact as to whether Ms. LeCloux was deliberately indifferent. Plaintiff's reliance is misplaced because Dr. White's declaration does not comment on the care provided by Ms. LeCloux.

Dr. White's declaration states that, at the request of plaintiff, he "reviewed current and past literature regarding health effects of mold and fungus exposure" and was offering his "declaration in respect to this." Dkt # 176, p. 9. Dr. White's declaration does not contemplate any of the medical care plaintiff received from any provider at TRCI, including Ms. LeCloux. The declaration is not made based on Dr. White's review of plaintiff's medical records. The declaration is not made based on a physical examination of plaintiff. His declaration does not say Ms. LeCloux purposefully acted, or purposefully failed to act in any way. Further, it does not say that any actions taken, or not taken, by Ms. LeCloux caused plaintiff harm. Simply put, Dr. White's declaration does not speak to the adequacy of the care Ms. LeCloux provided. Thus, his declaration cannot create a genuine material issue of fact as to whether Ms. LeCloux was deliberately indifferent in her care of plaintiff.

Moreover, Dr. White's declaration undermines plaintiff's 8th Amendment claim. Dr. White's declaration states that "there are no reliable tests available for mold related diseases and that specific mold identification is controversial and usually not needed." Dkt # 176, p. 10. Plaintiff's 8th Amendment claim asserts that Ms. LeCloux was deliberately indifferent because she "had the ability to test [plaintiff] for the mold exposure***and or order an evaluation to confirm the mold exposure." Dkt # 96, p. 20-21. Plaintiff's own expert states that testing for mold exposure, which plaintiff alleges Ms. LeCloux should have done, is not necessary nor reliable.

Because Dr. White's declaration does not offer a commentary on the care provided by

**DEFENDANT CYNTHIA LECLOUX'S REPLY IN SUPPORT OF HER MOTION FOR SUMMARY JUDGMENT** - Page 3

Doc No. 1866964

KEATING JONES HUGHES P.C.
200 SW Market St., Suite 900
Portland, Oregon 97201-5730
(503) 222-9955

Ms. LeCloux, it cannot create an issue of fact as related to plaintiff's 8th Amendment claim against Ms. LeCloux. Further, Dr. White's declaration undermines plaintiff's 8th Amendment claim that Ms. LeCloux was deliberately indifferent.

    *c. The Record Establishes Ms. LeCloux was not Deliberately Indifferent.*

The record and evidence before this Court show that Ms. LeCloux was not deliberately indifferent in the care provided to plaintiff, despite plaintiff's contentions to the contrary.

Plaintiff's Response makes arguments about what he believes Ms. LeCloux should or could have done to treat him. Dkt # 175, p. 6-9. As explained above, a difference in medical opinion is not enough to establish deliberate indifference by a correctional healthcare provider. *Toguchi*, 391 F3d 1058. There needs to be a deliberate act, or failure to act, in response to a serious medical need. *Jett*, 439 F.3d 1096. Plaintiff's belief that he should have received alternative forms of care cannot establish that Ms. LeCloux was deliberately indifferent.

Plaintiff also argues throughout his Response that Ms. LeCloux's declaration filed in support of her Motion for Summary Judgment, and her responses to written deposition questions, create an issue of fact as to whether she was deliberately indifferent. Dkt. # 175 p. 4-11. Specifically, he refers to the fact that Ms. LeCloux acknowledged that plaintiff complained of mold at a September 23, 2020, appointment, and that Ms. LeCloux asked other staff at TRCI about plaintiff's statement. Dkt # 175, p. 7-8.

What this evidence shows is that Ms. LeCloux was not deliberately indifferent to plaintiff's medical needs. Ms. LeCloux believed that plaintiff's exposure to the mold was being addressed by plaintiff's own statement and what she was told. Decl. Andreasen, ¶2 Ex. 1. Ms. LeCloux's Declaration shows she treated plaintiff's concerns about respiratory issues seriously. She performed clinical evaluations of plaintiff. Dkt # 163, p. 2. Despite her examination being unremarkable, she instructed him to follow-up based on plaintiff's description of his symptoms. *Id*. She ordered a trial of an alternative breathing aid and ordered a pulmonary function test. *Id*.

**DEFENDANT CYNTHIA LECLOUX'S REPLY IN SUPPORT OF HER MOTION FOR SUMMARY JUDGMENT** - Page 4

Doc No. 1866964

KEATING JONES HUGHES P.C.
200 SW Market St., Suite 900
Portland, Oregon 97201-5730
(503) 222-9955

Contrary to plaintiff's arguments, the record establishes that Ms. LeCloux's care during her limited time working at TRCI was not deliberately indifferent. She did not purposefully act or fail to act in response to plaintiff's medical needs. She did not delay treatment, she did not deny treatment, and she did not intentionally interfere with his treatment. The evidence before this Court reveals there is no issue of fact as to whether her care was deliberately indifferent; it was not. Ms. LeCloux is entitled to summary judgment on plaintiff's 8th Amendment claim.

**Motion 2: ADA Claim**

Ms. LeCloux's second motion seeks judgment in her favor on plaintiff's ADA claim against her. As outlined in Ms. LeCloux's Motion for Summary Judgment, for plaintiff to be successful on a claim for violation of the ADA, he must show that "1) he is a 'qualified individual with a disability'; 2) he was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and 3) such exclusion, denial of benefits, or discrimination was by reason of his disability." *Updike v. Multnomah County*, 870 F.3d 939, 949 (9th Cir. 2017) (*quoting Duvall v. County of Kitsap*, 260 F.3d 1124, 1135 (9th Cir. 2001), *as am. on denial of reh'g en banc* (Oct. 11, 2001). Furthermore, it is well established that the ADA does not provide redress for inadequate medical treatment. *Simmons v. Navajo City.,* Ariz., 609 F.3d 1011, 1022 (9th Cir. 2019).

Plaintiff's Fourth Amended Complaint alleges Ms. LeCloux violated the ADA in not ordering a test for mold exposure, and in not diagnosing, treating, and eliminating the toxic exposure. Dkt # 96, p. 26. These claims plainly do not fit the contours of a claim for violation of the ADA. Plaintiff's Response argues Ms. LeCloux should have taken different action in her treatment. Dkt # 175, p. 9-10. It does not argue that Ms. LeCloux discriminated against plaintiff based on his disability. Thus, Ms. LeCloux is entitled to judgment as a matter of law.

/ / /

**DEFENDANT CYNTHIA LECLOUX'S REPLY IN SUPPORT OF HER MOTION FOR SUMMARY JUDGMENT** - Page 5

Doc No. 1866964

KEATING JONES HUGHES P.C.
200 SW Market St., Suite 900
Portland, Oregon 97201-5730
(503) 222-9955

## Conclusion

For the foregoing reasons, Ms. LeCloux is entitled to summary judgment on plaintiff's claims asserted against her in the Fourth Amended Complaint.

DATED this 30th day of March, 2022.

KEATING JONES HUGHES, P.C.

*s/ Trent J. Andreasen*

Trent J. Andreasen, OSB No. 195026
503-222-9955
Attorneys for Cynthia LeCloux

**DEFENDANT CYNTHIA LECLOUX'S REPLY IN SUPPORT OF HER MOTION FOR SUMMARY JUDGMENT - Page 6**

Doc No. 1866964

KEATING JONES HUGHES P.C.
200 SW Market St., Suite 900
Portland, Oregon 97201-5730
(503) 222-9955

# CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing **DEFENDANT CYNTHIA LECLOUX'S REPLY IN SUPPORT OF HER MOTION FOR SUMMARY JUDGMENT** on the following:

Aaron Dale Eaton
Snake River Correctional Institution
Prisoner No. 14997682
777 Stanton Blvd
Ontario, OR 97914-8335
Pro Se

Vanessa A. Nordyke
Oregon Department of Justice
1162 Court St NE
Salem OR 97301
Phone: (503) 947-4700
Fax: (503) 947-4792
Email: vanessa.a.nordyke@doj.state.or.us
Of Attorneys for Two Rivers Correctional Institution Defendants

by electronically mailed notice from the court to above said attorneys on said day.

DATED this 30th day of March, 2022.

KEATING JONES HUGHES, P.C.

*s/ Trent J. Andreasen*
Trent J. Andreasen, OSB No. 195026
tandreasen@keatingjones.com, FAX 503-796-0699
Of Attorneys for Cynthia LeCloux

Trial Attorney: Scott G. O'Donnell, OSB No. 933849

**CERTIFICATE OF SERVICE -** Page 7

Doc No. 1866964

KEATING JONES HUGHES P.C.
200 SW Market St., Suite 900
Portland, Oregon 97201-5730
(503) 222-9955