FILED

AUG 16 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| AARON DALE EATON, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> EYNON, Two Rivers Correctional Institution Grievance coordinator; et al., <br><br> Defendants-Appellees. | No.   22-35749 <br><br> D.C. No. 2:20-cv-01251-SI <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the District of Oregon
Michael H. Simon, District Judge, Presiding

Argued and Submitted July 12, 2023**
Seattle, Washington

Before:  GRABER, GOULD, and FRIEDLAND, Circuit Judges.

Plaintiff Aaron Dale Eaton appeals the summary judgment entered in favor of Defendants on his Americans with Disabilities Act ("ADA") claims. We have jurisdiction under 28 U.S.C. § 1291, and we review *de novo*. *Bliss Sequoia Ins. &*

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument as to Cynthia LeCloux. *See* Fed. R. App. P. 34(a)(2).

*Risk Advisors, Inc. v. Allied Prop. & Cas. Ins. Co.*, 52 F.4th 417, 419 (9th Cir. 2022). Viewing the evidence in the light most favorable to the nonmoving party, we determine "whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law." *Jones v. Royal Admin. Servs., Inc.*, 887 F.3d 443, 447–48 (9th Cir. 2018) (citation and internal quotation marks omitted). We affirm in part[1] and reverse and remand in part.

      1.      People with disabilities are entitled to "meaningful access" to services, programs, and activities. *A.G. v. Paradise Valley Unified Sch. Dist. No. 69*, 815 F.3d 1195, 1204 (9th Cir. 2016); *see also Tennessee v. Lane*, 541 U.S. 509, 513–14 (2004). Meaningful access guarantees people with disabilities "full and equal enjoyment" of a public facility and its accommodations. *Baughman v. Walt Disney World Co.*, 685 F.3d 1131, 1135 (9th Cir. 2012) (quoting 42 U.S.C. § 12182(a)). Here, viewing the evidence in the light most favorable to Eaton, he did not necessarily have *meaningful* access to the showers because the mold's effects on his respiratory conditions made it difficult for him to breathe while showering. Eaton could shower, but he did not have "full and equal" enjoyment vis-à-vis non-disabled prisoners because he had to take the time and energy to

---

[1] We affirm with respect to the claims against Cynthia LeCloux. Eaton's opening brief does not challenge the separate judgment entered by the district court in her favor. Any such challenge is therefore forfeited. *See Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1213 (9th Cir. 2017).

clean his shower before every use to reduce the mold's effects on his breathing, and even once that was done, he still had difficulty breathing while showering. Accordingly, there is a genuine issue of material fact as to equal access.

      2.      Public facilities and entities must make reasonable accommodations to provide full and equal access to people with disabilities. Once an accommodation request is made, "the ADA imposes an obligation to investigate whether [the] requested accommodation is reasonable." *Duvall v. County of Kitsap*, 260 F.3d 1124, 1136 (9th Cir. 2001). This investigation involves a "fact-specific, case-by-case inquiry that considers, among other factors, the effectiveness of the modification in light of the nature of the disability in question and the cost to the organization that would implement it." *Fortyune v. Am. Multi-Cinema, Inc.*, 364 F.3d 1075, 1083 (9th Cir. 2004) (citation and internal quotation marks omitted). Here, Eaton requested either of two accommodations: (1) that the showers be cleaned adequately, or (2) that he be transferred to another facility. Defendants argue that they provided a reasonable accommodation by having the showers cleaned by inmates at Two Rivers Correctional Institution ("TRCI") and by eventually replacing the shower tiles. However, again viewing the evidence in Eaton's favor, the TRCI inmates tasked with cleaning the showers had to do so with limited materials and no protective equipment, and Defendants knew that the mold grew back after the cleanings. Further, although Eaton was ultimately

transferred to another facility, the transfer occurred seventeen months after his exposure to the black mold. Accordingly, there is a genuine issue of material fact as to whether the accommodations were reasonable.

3. To claim damages under the ADA, Eaton must demonstrate that Defendants were deliberately indifferent to his need for an accommodation, a form of intentional discrimination. *Duvall*, 260 F.3d at 1138–39. "Deliberate indifference requires both knowledge that a harm to a federally protected right is substantially likely, and a failure to act upon that . . . likelihood." *Id.* at 1139. A "plaintiff has satisfied the first element of the deliberate indifference test" once he has "alerted the public entity to his need for accommodation (or where the need for accommodation is obvious, or required by statute or regulation)" such that "the public entity is on notice that an accommodation is required." *Id*. To satisfy the second element, the "failure to act must be a result of conduct that is more than negligent, and involves an element of deliberateness." *Id*.

Here, the parties do not dispute that Eaton alerted TRCI about his need for an accommodation. Between March 2020 and September 2020, Eaton submitted a total of five separate grievances and appeals concerning the black mold issue and its effects on his health. Instead, Defendants argue that they were not deliberately indifferent because they acted on Eaton's request or, alternatively, if they failed to act, that they were merely negligent. Eaton argues that Defendants were

deliberately indifferent because they knew that the mold would grow back after the cleanings and still did not try anything else, including a prompt transfer. Viewing the evidence in the light most favorable to Eaton, a reasonable juror could conclude that even though Defendants knew that the mold grew back after the cleanings, they continued to pursue only the same failing method. Accordingly, we hold that there is a genuine issue of material fact as to whether Defendants were deliberately indifferent.

**AFFIRMED as to Defendant LeCloux; REVERSED AND REMANDED as to all other Defendants. Defendant LeCloux is entitled to costs. The parties shall bear their own costs with respect to the remaining claims.**